**UNITED STATES of America, Appellee,**

v.

**Quentin Arnold DRAPEAU, Appellant.**

**No. 90–5549.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1991.

Decided Aug. 28, 1991.

---

Bernard E. Duffy, Fort Pierre, S.D., for appellant.

Dennis R. Holmes, Pierre, S.D., for appellee.

Before McMILLIAN and WOLLMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Quentin Arnold Drapeau appeals his ninety-six month sentence imposed by the district court[1] under the Sentencing Guidelines after he pleaded guilty to sexual abuse in violation of 18 U.S.C. §§ 1153, 2242(2). Drapeau argues that the district court erred in denying him a reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, and that the victim's allegation of Drapeau's prior rape attempt should not have been reported in the presentence investigation report (PSI) because it may have prejudiced the district court. We affirm.

The PSI stated that the victim had a drinking party at her residence. Although the party had not ended, the victim went to bed with her three children around midnight as she was quite drunk. She was awakened by Drapeau, who then raped her. The victim told the probation officer that Drapeau had previously attempted to rape her. The PSI also stated Drapeau told the probation officer that he was intoxicated at the time of the offense, did not recall what actually happened, and had difficulty in believing that he committed the offense. Based on Drapeau's statements, the PSI recommended that he not receive an acceptance-of-responsibility reduction to his offense level because he did not accept full responsibility for his conduct. Drapeau's base offense level of 27, U.S.S.G. § 2A3.1(a), and criminal history category of II resulted in a sentencing range of 78–97 months. Drapeau objected to the denial of the acceptance-of-responsibility reduction,[2] and the inclusion of the victim's allegations of a previous attempted rape.

At sentencing, Drapeau's counsel again objected to the recommendation in the PSI regarding the acceptance-of-responsibility reduction. Counsel argued that Drapeau's statements to the probation officer were not inconsistent with Drapeau's acceptance of responsibility for the crime. The district court denied the acceptance-of-responsibility reduction finding Drapeau did not qualify for it. The district court also stated it would not consider the allegation concerning a prior attempted rape for sentencing enhancement purposes. A counselor from the halfway house where Drapeau lived after he committed the instant offense submitted a letter stating that Drapeau was a "role model figure" to the other residents. Drapeau told the court "[i]f I did anything, I'm sorry ... [b]ut I can't change the past."

In order to qualify for a sentencing reduction based on acceptance of responsibility, a defendant must exhibit a rec-

---

1. The Honorable Donald J. Porter, Chief Judge, United States District Court for the District of South Dakota.

2. With this reduction the applicable sentencing guideline range would have been 63–78 months.

ognition and affirmative acceptance of personal responsibility. *United States v. Thompson,* 876 F.2d 1381, 1384 (8th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 192, 107 L.Ed.2d 147 (1989). This court will not disturb the district court's determination on this matter unless it is without foundation. U.S.S.G. § 3E1.1, comment. (n.5) (sentencing judge is in unique position to evaluate defendant's acceptance of responsibility); *United States v. Keene,* 915 F.2d 1164, 1170 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1001, 112 L.Ed.2d 1084 (1991). Upon review of the record we cannot say that Drapeau met his burden of proving facts supporting a reduction for acceptance of responsibility. *See United States v. Williams,* 905 F.2d 217, 218 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 687, 112 L.Ed.2d 678 (1991); *cf. United States v. Cree,* 915 F.2d 352, 355 (8th Cir.1990) (district court acted within its broad discretion in denying reduction based on court's view that defendant admitted only that his involuntary manslaughter offense was mistake). Lastly, Drapeau's argument that the victim's allegation concerning a prior attempted rape should not have been included in the PSI is without merit.

Accordingly, we affirm.

HENLEY, Senior Circuit Judge, concurring.

It must be conceded that in considering reduction for acceptance of responsibility the sentencing court has wide latitude and broad discretion. With the authorities cited by the majority, I have no quarrel. Even so, I think the district court made a mistake in sentencing Drapeau near the top of the Guidelines range.

The record reflects that there was minimal trauma, if any, to the victim who, like the defendant, was dead drunk at the time of the alleged rape. There was no seminal deposit left in or on the victim and no blood, other than that of Drapeau who was beaten when taken from the presence of the victim.

In the circumstances, it seems not at all unusual for the defendant to have said (even though he entered a plea of guilty) that he did not recall what actually happened and that he had difficulty believing that he committed the offense. He further stated to the court that if he did anything he was sorry.

On the record as a whole, I think the court might better have departed downward, but in light of the broad discretion given the district judge in such cases I cannot say the sentence imposed was without foundation. *See United States v. Russell,* 913 F.2d 1288, 1295 (8th Cir.1990). Thus, reluctantly I concur.