960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Farron W. GILLEY, Appellant.
 91-3674.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 14, 1992.
April 22, 1992.
 
 Before ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Farron W. Gilley appeals from the sentence imposed by the District Court[1] on his plea of guilty to removing a motor vehicle identification number and failing to appear for trial. We affirm.
 
 
 2
 Gilley failed to appear for trial on charges of interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312, and removing a motor vehicle identification number, in violation of 18 U.S.C. § 511. Upon his arrest, he was also charged with failing to appear for trial, in violation of 18 U.S.C. § 3146. Gilley pleaded guilty to removing the identification number and failing to appear.
 
 
 3
 A presentence report (PSR) was prepared covering both offenses separately. When interviewed by the probation officer, Gilley stated he "jumped bond" because he "didn't want to go back to jail." The PSR took the view that Gilley had not accepted responsibility, as required for an adjustment under U.S.S.G. § 3E1.1, for either offense. Gilley objected.
 
 
 4
 With respect to his failure to appear, Gilley told the District Court at the sentencing hearing that he was "very sorry for what [he] did" and that it was "due to [his] drug problem." The court rejected Gilley's request for an acceptance-of-responsibility adjustment to his offense level. The court sentenced Gilley to thirty months' imprisonment for failure to appear, to be served consecutively to a thirty-three-month sentence for the motor-vehicle offense.
 
 
 5
 Gilley appeals only the sentence for his failure to appear. He contends the District Court should have given him the two-level acceptance-of-responsibility adjustment because he pleaded guilty and expressed sincere remorse at sentencing.
 
 
 6
 A district court's finding as to acceptance of responsibility will be upheld on appeal unless it is clearly erroneous. United States v. Laird, 948 F.2d 444, 447 (8th Cir. 1991). A guilty plea and expression of remorse does not automatically entitle a defendant to the adjustment. See United States v. Burnett, 952 F.2d 187, 189-90 (8th Cir. 1991) (although Burnett pleaded guilty and admitted responsibility prior to sentencing, district court did not err by denying adjustment where Burnett previously offered alternative excuses, including fear of prison). In United States v. Evidente, 894 F.2d 1000, 1003 (8th Cir.), cert. denied, 110 S. Ct. 1956 (1990), we affirmed the denial of an acceptance-of-responsibility adjustment because Evidente's guilty plea and expression of remorse were "plainly insufficient to overcome the great deference" to which the District Court's finding was entitled. We also held that the trial court properly considered Evidente's previous flight from prosecution and his failure to turn himself in after his escape as inconsistent with genuine acceptance of responsibility. Id. at 1002-03. Likewise, Gilley's expression of remorse after his arrest rings hollow given his failure to turn himself in. Additionally, blaming illegal conduct on drug or alcohol abuse, as Gilley did, is inconsistent with genuine acceptance of responsibility. Cf. United States v. Drapeau, 943 F.2d 27, 28-29 (8th Cir. 1991) (although defendant expressed remorse, denial of adjustment upheld where defendant could not remember what really happened because he was inebriated and said he had difficulty believing he committed offense). The District Court's determination was not clearly erroneous.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas