UNITED STATES of America, Appellee,

v.

Chris BALD EAGLE, Appellant.

No. 92–3240.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1993.

Decided July 2, 1993.

Rehearing Denied Aug. 5, 1993.

Mitchell C. LaFleur, Rapid City, SD, argued, for appellant.

Steven D. Rich, Rapid City, SD, argued (Kevin V. Schieffer and Steven D. Rich, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON, and FAGG, Circuit Judges.

PER CURIAM.

Having entered into a plea agreement, Chris Bald Eagle signed a statement of factual basis and pleaded guilty to sexual abuse. *See* 18 U.S.C. §§ 1153, 2242(1) (1988). In his statement, Bald Eagle admitted he drove a sixteen year old girl three miles out of town against her will and stopped the car. The girl struggled and managed to exit the car, but Bald Eagle grabbed her hair, threw her to the ground, and had sexual intercourse with her. At sentencing, the district court increased Bald Eagle's base offense level for use of force and for abduction. *See* U.S.S.G. §§ 2A3.1(b)(1), (b)(5) (Nov. 1, 1991). The district court refused to give Bald Eagle a downward adjustment for acceptance of responsibility because at his presentencing interview Bald Eagle denied committing the crime and at sentencing Bald Eagle denied using force or abducting the girl. *See id.* § 3E1.1. Bald Eagle appeals his sentence. We affirm.

▪ Bald Eagle contends the district court erroneously increased his base offense level for use of force and for abduction because U.S.S.G. §§ 2A3.1(b)(1) and (b)(5) do not apply to the crime of sexual abuse. Bald Eagle argues these increases apply only to the offense of aggravated sexual abuse under 18 U.S.C. § 2241. We disagree. Guideline section 2A3.1 applies to both § 2242 and § 2241,

and nothing in the guideline or its commentary limits the increases for use of force and for abduction to a defendant convicted of aggravated sexual abuse. Thus, we conclude the district court correctly interpreted and applied the guideline to increase Bald Eagle's base offense level.

▪ Bald Eagle also contends the district court may not deny him a reduction for acceptance of responsibility based on his denial of guilt at the presentencing interview because his attorney was not present. We disagree. Bald Eagle's statements at the interview and at sentencing amply support the denial of the reduction. *See United States v. Drapeau*, 943 F.2d 27, 28–29 (8th Cir.1991). Bald Eagle has not alleged or shown that he requested his attorney's presence or that his attorney was excluded from the interview. *See United States v. Tisdale*, 952 F.2d 934, 939–40 (6th Cir.1992). Thus, we conclude the district court's decision to deny the reduction was not clearly erroneous. *United States v. Lublin*, 981 F.2d 367, 370 (8th Cir.1992).

Accordingly, we affirm.