UNITED STATES, Plaintiff,

v.

George E. SCHULTZ, et al., Defendants.

No. CR 95–3011.

United States District Court,
N.D. Iowa,
Central Division.

Feb. 23, 1996.

Janet L. Papenthien, Assistant United States Attorney, Sioux City, Iowa, for U.S.

**1344**

Jane Kelly, Assistant Federal Defender, Cedar Rapids, Iowa, for Defendant George E. Schultz.

## TABLE OF CONTENTS

I.   INTRODUCTION AND BACKGROUND ................................. 1344

II.  LEGAL ANALYSIS ................................................ 1347
     A.  The "Acceptance–Of–Responsibility" Guideline ........................... 1347
     B.  Judicial Interpretations And Applications ................................ 1348
         1.  Burdens, standards, and tests ...................................... 1348
         2.  Applications ...................................................... 1350
     C.  "Acceptance Of Responsibility" In This Case ............................ 1352
         1.  Acceptance of responsibility in "gambling business" cases .............. 1352
         2.  Application of principles and tests ................................. 1354

III. CONCLUSION .................................................. 1355

---

### MEMORANDUM OPINION REGARDING SENTENCING OF DEFENDANT SCHULTZ

BENNETT, District Judge.

This sentencing demonstrates the painful and Hobsonian tension created by the United States Sentencing Guidelines between a criminal defendant's most precious constitutional right, the Sixth Amendment right to trial by jury, and his or her efforts to obtain a reduction in sentence for "acceptance of responsibility." Although the Eighth Circuit Court of Appeals has held that the "acceptance-of-responsibility" guidelines do not "punish" a defendant for asserting a right to a jury trial, the practical effect of the guidelines, whether that effect is described as a "penalty" for going to trial or a "reward" for acknowledging criminal conduct prior to trial, is that only in "rare situations" can a defendant who stands on the right to a trial take advantage, after conviction, of a reduction in sentence for acceptance of responsibility. Does this case present one of those "rare situations" in which a criminal defendant, who put the government to the burden of proving its case before a jury, has nevertheless shown a recognition and affirmative responsibility for his offense, and sincere remorse for that offense, such that he is entitled to a sentence reduction for "acceptance of responsibility"? Because the court concludes that the answer to this question is yes, despite no supporting recommendation in the pre-sentence investigation report, the

court here details its grounds for that conclusion.

### I. INTRODUCTION AND BACKGROUND

Following his conviction by a jury, defendant George Schultz has moved for a reduction in his sentence for "acceptance of responsibility" pursuant to U.S.S.G. § 3E1.1(a). The request is contrary to the recommendation found in the pre-sentence investigation (PSI) report, but the government stood silent on the issue of such a reduction at sentencing on February 23, 1996. The court, recognizing not only that such a reduction is contrary to the PSI report, but perhaps counterintuitive in a case in which the defendant demanded a trial to prove his guilt, enters this memorandum opinion in support of its decision to grant the requested reduction for "acceptance of responsibility."

George Schultz and others were indicted in a four-count indictment on May 4, 1995, after an investigation of an illegal gambling operation in Fort Dodge, Iowa. Three of the counts in the indictment pertained to Mr. Schultz; however, prior to trial, the United States was granted leave to dismiss one of those counts against Mr. Schultz. This matter therefore proceeded to jury trial beginning on October 17, 1995, on Counts I and IV of the indictment against Mr. Schultz. Count I charged Mr. Schultz with conducting an illegal gambling business in violation of 18 U.S.C. § 1955. Count IV charged Mr.

Schultz under 18 U.S.C. § 371 with conspiracy to conduct an illegal gambling business or conspiracy to use the telephone, a facility in interstate commerce, with intent to promote or carry on an illegal gambling business. Mr. Schultz was convicted on both counts of the indictment on October 30, 1995, following an eight-day trial.[1] On February 20, 1996, the court denied Mr. Schultz's post-trial motions for judgment of acquittal and for a new trial. Mr. Schultz therefore came on for sentencing on February 23, 1996. At sentencing, the court granted Mr. Schultz's request for a two-level reduction for "acceptance of responsibility" pursuant to U.S.S.G. § 3E1.1(a).

The court finds that two matters are telling on the issue of whether or not Mr. Schultz, despite standing on his right to a jury trial, which resulted in a conviction, has accepted responsibility for his criminal offense such that his sentence should be reduced. One of those matters is the nature of Mr. Schultz's defense. The other is Mr. Schultz's conduct during trial. The court therefore provides the pertinent background on these matters before turning to a legal analysis and factual determination of Mr. Schultz's request for a reduction in sentence.

Mr. Schultz's principal defense to these federal charges under 18 U.S.C. § 1955 and 18 U.S.C. § 371 was that the gambling business he honestly admitted he conducted, and honestly admitted violated state law, did not violate the federal statute, because it did not involve the requisite five persons necessary to establish federal jurisdiction or a violation under the federal statute. In drafting the jury instructions, the parties and the court were at some pains to determine the legal requirements for the five-person requirement and its relationship to the other elements of the offense, particularly the "thirty days" or "$2,000 per day" requirements. *See* 18 U.S.C. § 1955; *and compare United States v. Grey,* 56 F.3d 1219, 1222 (10th Cir.1995) ("The 'five or more persons' requirement is separate from the thirty day requirement and, consequently, the government did not

have to show that five or more persons at all times continued the operation for a period in excess of thirty days. *[United States v.] Smaldone,* 485 F.2d [1333,] 1351 [ (10th Cir. 1973) ]."); *United States v. Rieger,* 942 F.2d 230, 234–35 (3d Cir.1991) (concluding that the "five persons" and "thirty days" requirements present "two separate and independent jurisdictional requirements for an illegal gambling business," and following *Smaldone,* 485 F.2d at 1351, to hold that each requirement should be applied separately); *United States v. Smaldone,* 485 F.2d 1333, 1351 (10th Cir.1973), *cert. denied,* 416 U.S. 936, 94 S.Ct. 1934, 40 L.Ed.2d 286 (1974) (holding that the two requirements are separate and independent, and stating: "It is not essential, contrary to the appellants' assertions, to establish that each conductor was involved in the gambling business for more than thirty days or generated at least $2,000 gross revenue in a single day. These requirements refer to the gambling operation and not to individuals.");[2] *with United States v. Murray,* 928 F.2d 1242, 1246–47 (1st Cir.1991) (recognizing the contrary *"Gresko"* line of cases, and the fact that only "substantially continuous," and daily, operation was required, and also relying on *United States v. Marrifield,* 515 F.2d 877, 881 (5th Cir.), *cert. denied,* 423 U.S. 1021, 96 S.Ct. 462, 46 L.Ed.2d 394 (1975), as indicating that "the requirements of § 1955 are satisfied if the gambling business involves the participation of five persons for more than thirty days, whether or not each of the five persons participates every day"); *United States v. Gresko,* 632 F.2d 1128, 1133 (4th Cir.1980) (five-person and thirty-day requirements must be read in conjunction); *United States v. Tarter,* 522 F.2d 520, 525 (6th Cir.1975) (same); *United States v. Bridges,* 493 F.2d 918, 920 (5th Cir.1974) (same). This process involved a difficult legal inquiry into the meaning of the statute and its applicability to the gambling business involved here. The court ultimately required the jury, in its responses in the verdict form, to identify by name or

---

1. A co-defendant tried with Mr. Schultz and also charged under Counts I and IV of the indictment was acquitted.

2. This first line of cases is referred to herein as the *"Smaldone"* line, while the second line of cases is referred to as the *"Gresko"* line.

description which five or more persons were conducting the gambling operation for what period of thirty or more days, if they found Mr. Schultz guilty on Count I of the indictment. The jury identified six individuals, including Mr. Schultz and one of his co-defendants, who had pleaded guilty prior to trial, but not the co-defendant the jury acquitted at trial, as constituting the jurisdictional five or more persons. Identification and sufficient involvement of at least three of these persons was based on evidence drawn from Mr. Schultz's own records of his gambling business and from his testimony. Although Mr. Schultz characterized his records as demonstrating that some of these persons were "mere bettors," the jury apparently came to a contrary conclusion.

Turning from the nature of his defense at trial to the nature of his conduct during trial, the court's recollection of both Mr. Schultz's testimony and his manner in giving that testimony is that Mr. Schultz honestly and truthfully admitted every factual matter concerning his operation of a gambling business illegal under state law. Indeed, the court cannot recall a defendant who more openly acknowledged the factual elements of the government's case or cooperated more fully with counsel for both sides in presenting and explaining all factual matters for the jury's understanding and consideration. The court's knowledge of the record indicates that Mr. Schultz was no less forthcoming with government investigators prior to trial of this matter.

Furthermore, the court finds that Mr. Schultz was genuinely regretful, not just at being "caught," but at involvement in a business that was illegal. Also, Mr. Schultz constantly asserted that any wrongful conduct in operation of the gambling business was entirely his responsibility. The court finds that this testimony was not simply to "get around" the jurisdictional five persons, but was instead an expression of a genuine belief that other persons involved in any way with Mr. Schultz's gambling business should be exonerated of any wrongdoing, because Mr. Schultz considered any wrongdoing to be entirely his fault. The court was more impressed with this willingness to accept responsibility for any and all wrongdoing, both in the manner and words in which it was indicated, than it would have been with any bald incantation of contrition, which Mr. Schultz never made in explicit terms during trial, and which might have been viewed as calculated, cynical, or of suspect sincerity in any event.

The PSI report prepared by a probation officer following trial recommended no sentence level reduction under guideline 3E1.1 of the United States Sentencing Guidelines for "acceptance of responsibility." The PSI report stated, "The defendant took the case to trial and has offered no information that suggests he is accepting responsibility for his actions; therefore, a reduction [for acceptance of responsibility] does not appear warranted." Mr. Schultz's counsel filed objections to this portion of the PSI report, among others. Specifically, counsel pointed out that Mr. Schultz took the stand at his trial and admitted to running his own bookmaking operation, identified and explained documents seized by the government, including explanation of notations in those documents that the government's expert did not understand, identified his bettors and bookies, explained the workings of his business, and honestly answered all of the government's questions. Counsel contends that Mr. Schultz admitted guilt and showed remorse at trial, not just after his conviction. Mr. Schultz's counsel therefore argues that Mr. Schultz has genuinely accepted responsibility for his actions, even though he did not plead guilty and took his case to trial, and should be granted a two-level reduction under U.S.S.G. § 3E1.1(a).

Although the government made no response, the probation officer made no revision to the PSI report as to acceptance of responsibility. The probation officer noted that at trial Mr. Schultz's defense primarily involved whether or not his gambling business involved five or more participants. The probation officer characterized this defense as relating only to an issue of factual guilt, which the jury decided against Mr. Schultz, rather than involving a rare situation in which a defendant goes to trial to assert and preserve issues that do not relate to factual guilt. The PSI report, although revised in

some other respects, therefore does not recommend a reduction of sentence for acceptance of responsibility. The court's conclusion is to the contrary, and the court has ordered a two-level reduction of sentence for acceptance of responsibility pursuant to Guideline 3E1.1(a) of the United States Sentencing Guidelines.

## II. LEGAL ANALYSIS

*(including some ultimate findings of fact)*

### A. The "Acceptance–Of–Responsibility" Guideline

Section 3E1.1 of the United States Sentencing Guidelines provides for a reduction of sentence for "acceptance of responsibility," in pertinent part, as follows:

**§ 3E1.1   Acceptance of Responsibility**

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

U.S.S.G. § 3E1.1(a).[3] The present language of the sentencing guideline has been in force since November 1, 1992. U.S.S.G. Appendix C, ¶ 459. Prior to that, the acceptance-of-responsibility provision stated that the reduction was available "[i]f the defendant clearly demonstrate[d] a recognition and affirmative acceptance of personal responsibility for his criminal conduct. . . ." U.S.S.G. Appendix C, ¶ 459.

**3.** Section 3E1.1 provides for a further reduction of one level in certain circumstances:

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
(1) timely providing complete information to the government concerning his own involvement in the offense; or
(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, decrease the offense level by 1 additional level.
U.S.S.G. § 3E1.1(b); *see also United States v. Nomeland,* 7 F.3d 744, 749 (8th Cir.1993) (discussing the requirements for an additional reduction under this subsection); *United States v. Cassidy,* 6 F.3d 554, 556 (8th Cir.1993) (noting that

The application notes to this guideline indicate several "considerations" for determining whether or not a defendant has accepted responsibility for his or her criminal offense. *See* U.S.S.G. § 3E1.1, application note 1(a)–(h). Among these, the ones perhaps most relevant here are consideration of whether the defendant "truthfully admit[s] the *conduct* comprising the offense(s) of conviction," *id.,* application note 1(a) (emphasis added), and "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." *Id.,* application note 1(h). The application notes further indicate that

[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the *essential factual elements of guilt,* is convicted, and *only then* admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In *rare situations* a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, *where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g.,* to make a constitutional challenge to a statute or *a challenge to the applicability of a statute to his conduct* ). In each such instance, however, a determination that a defendant has accepted re-

a reduction for a defendant who saved government resources by pleading guilty early was not available before November 1, 1992). A reduction under § 3E1.1(a) is a prerequisite for the additional one-level reduction under § 3E1.1(b). *United States v. Makes Room,* 49 F.3d 410, 417 (8th Cir.1995); *United States v. Newson,* 46 F.3d 730, 734 (8th Cir.1995). The Eighth Circuit Court of Appeals has held that denial of this extra level of reduction for pleading guilty before trial does not punish a defendant for exercising his constitutional right to a trial, apparently because the provision awards a defendant for allowing the government to avoid preparation for trial and the district court to allocate resources efficiently, rather than denying the defendant a right. *United States v. Thompson,* 51 F.3d 122, 126–27 (8th Cir.1995).

Mr. Schultz is not eligible for the additional one-level reduction under this subsection, because his offense level as determined prior to the operation of subsection (a) is only 12. *See* U.S.S.G. § 3E1.1(b); *Newson,* 46 F.3d at 734.

sponsibility will be based primarily upon pre-trial statements and conduct.

*Id.,* application note 2 (emphasis added). These themes are also apparent in judicial decisions explaining and applying the acceptance-of-responsibility guideline.

### B. Judicial Interpretations And Applications

Although the precise interplay between this defendant's grounds for taking his case to trial and the "acceptance of responsibility" sentence reduction is unusual, the Eighth Circuit Court of Appeals is no stranger to disputes over and the standards for "acceptance of responsibility" reductions under U.S.S.G. § 3E1.1(a). The court must be guided in its determination here by an examination of these judicial decisions as well as by its reading of the guidelines.

### 1. Burdens, standards, and tests

The Eighth Circuit Court of Appeals has consistently held that the defendant bears the burden of showing entitlement to the reduction. *United States v. Roggy,* 76 F.3d 189, 194 (8th Cir.1996); *United States v. Janis,* 71 F.3d 308, 310 (8th Cir.1995); *United States v. Makes Room,* 49 F.3d 410, 416 (8th Cir.1995); *United States v. Drapeau,* 943 F.2d 27, 29 (8th Cir.1991); *United States v. Lublin,* 981 F.2d 367, 370 (8th Cir.1992). The district court's grant or denial of an acceptance of responsibility adjustment is reviewed for clear error. *See Janis,* 71 F.3d at 310–11 (review of denial is for clear error); *United States v. Skorniak,* 59 F.3d 750, 757 (8th Cir.) (review of district court's "factual findings with respect to a denial of a motion for acceptance of responsibility [is] for clear error"), *cert. denied,* —— U.S. ——, 116 S.Ct. 487, 133 L.Ed.2d 414 (1995); *United States v. Nguyen,* 52 F.3d 192, 194 (8th Cir.1995) ("We afford great deference to the district court's finding that [a defendant] was not entitled to a two-point reduction for acceptance of responsibility and will reverse only for clear error."); *United States v. Evans,* 51 F.3d 764, 766 (8th Cir. 1995) ("On appeal, the district court's decision to grant or deny the reduction is afforded great deference and will not be disturbed

unless it is clearly erroneous," citing *United States v. Furlow,* 980 F.2d 476, 476 & n. 1 (8th Cir.1992) (en banc), *cert. denied,* 508 U.S. 914, 113 S.Ct. 2353, 124 L.Ed.2d 261 (1993)); *Makes Room,* 49 F.3d at 416 (denial is reviewed for clear error); *United States v. Newson,* 46 F.3d 730, 734 (8th Cir.1995) (findings of fact with respect to denial of reduction reviewed for clear error); *United States v. Karam,* 37 F.3d 1280, 1286 (8th Cir.1994) (same), *cert. denied sub nom. El Hani v. United States,* —— U.S. ——, 115 S.Ct. 1113, 130 L.Ed.2d 1077 (1995); *United States v. King,* 36 F.3d 728, 734 (8th Cir. 1994) (same), *cert. denied,* —— U.S. ——, 115 S.Ct. 954, 130 L.Ed.2d 896 (1995); *United States v. Farmer,* 32 F.3d 369, 372 (8th Cir. 1994) (same); *United States v. Magee,* 19 F.3d 417, 422 (8th Cir.) ("We review a trial court's finding with respect to acceptance of responsibility for clear error."), *cert. denied,* —— U.S. ——, 115 S.Ct. 343, 130 L.Ed.2d 299 (1994); *United States v. McQuay,* 7 F.3d 800, 801 (8th Cir.1993) ("This court gives great deference to a district court's refusal to grant a reduction for acceptance of responsibility and will reverse only for clear error); *United States v. Schau,* 1 F.3d 729, 731 (8th Cir.1993) (same); *but see United States v. Barris,* 46 F.3d 33, 35 (8th Cir.1995) (in acceptance-of-responsibility case, stating that "we review *de novo* issues concerning the application of the sentencing guidelines," citing *United States v. Washington,* 17 F.3d 230, 234 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 153, 130 L.Ed.2d 92 (1994)).

The Eighth Circuit Court of Appeals has usually characterized the grounds for reversal of the district court's determination of whether or not to grant a reduction under § 3E1.1(a) to be its conclusion that the district court's determination was "without foundation." *United States v. Wonderly,* 70 F.3d 1020, 1025 (8th Cir.1995) (acknowledging this standard for reversal, citing *United States v. Big Crow,* 898 F.2d 1326, 1330 (8th Cir.1990); *Skorniak,* 59 F.3d at 757 (this standard for reversal); *King,* 36 F.3d at 734 ("without foundation" standard for reversal); *United States v. Ransom,* 990 F.2d 1011, 1013 (8th Cir.1993) (same). However, in a recent decision, the Eighth Circuit Court

of Appeals, after noting that a number of recent cases from this circuit have stated that a district court's decision concerning acceptance of responsibility should not be disturbed unless "it is without foundation," found that this standard is derived from an early version of the application notes to § 3E1.1, and that the language upon which it was based was deleted in 1990. *Evans,* 51 F.3d at 766 n. 4 (citing U.S.S.G. Appendix C, at ¶ 351). The court reiterated that, " '[a]ssuming that standard differs from the 'clearly erroneous' standard, for the sake of consistency we now use the clearly erroneous standard of review.' " *Id.* (quoting *Furlow,* 980 F.2d at 476 n. 1). This court will endeavor to avoid a decision that is either "clearly erroneous" or "without foundation."

■ The reason for the deference to the district court's determination, whatever the proper standard of appellate review may be, is the district court's "unique vantage point" or "unique position" to determine whether the defendant has truly accepted responsibility. *Roggy,* 76 F.3d at 194; *Skorniak,* 59 F.3d at 757; *Newson,* 46 F.3d at 734 (" '[T]he district court is in a unique position to evaluate a defendant's acceptance of responsibility,' " quoting *Furlow,* 980 F.2d at 476); *King,* 36 F.3d at 734 (also quoting *Furlow* ); *McQuay,* 7 F.3d at 801 (finding authority for this deference and recognition of the "unique position" of the district court to evaluate acceptance of responsibility in U.S.S.G. § 3E1.1, application n. 5). Determining whether a defendant has accepted responsibility is viewed as a question of fact that depends primarily on the district court's credibility assessments. *Evans,* 51 F.3d at 766; *United States v. Yell,* 18 F.3d 581, 583 (8th Cir.1994) (quoting for this proposition *United States v. Flores,* 959 F.2d 83, 87 (8th Cir.), *cert. denied,* 506 U.S. 976, 113 S.Ct. 469, 121 L.Ed.2d 376 (1992)); *United States v. McQuay,* 7 F.3d 800, 801 (8th Cir.1993) (citing for this proposition *United States v. Welna,* 998 F.2d 599, 600 (8th Cir.1993)).

■ Securing a reduction for acceptance of responsibility requires more than saying the right words at the right time, because acceptance of responsibility "is not simply a matter of incanting the appropriate litany of remorse." *United States v. Mabry,* 3 F.3d 244, 250 (8th Cir.1993), *cert. denied sub nom. Edwards v. United States,* —— U.S. ——, 114 S.Ct. 1403, 128 L.Ed.2d 75 (1994); *United States v. Speck,* 992 F.2d 860, 862 (8th Cir. 1993); *see also Roggy,* 76 F.3d at 194 ("[A defendant's] mere expression of remorse does not warrant a reduction under section 3E1.1."). Nor is a defendant entitled to a reduction for acceptance of responsibility simply because he or she pleaded guilty to the charged offense. *Skorniak,* 59 F.3d at 757; *Nguyen,* 52 F.3d at 194; *Evans,* 51 F.3d at 766 ("Entry of a guilty plea is a factor to be considered, but does not entitle the defendant to a reduction as a matter of right" under U.S.S.G. § 3E1.1 application n. 3); *Newson,* 46 F.3d at 734 (" '[E]ven a guilty plea does not guarantee a reduction," quoting *United States v. Clair,* 934 F.2d 943, 946 (8th Cir.1991)); *King,* 36 F.3d at 735 (no automatic reduction for defendant who pleads guilty); *Yell,* 18 F.3d at 584. On the other hand, the Eighth Circuit Court of Appeals has also held that taking a matter to trial is not necessarily grounds for denying a reduction for acceptance of responsibility, although cases in which the reduction is appropriate for a person who took a matter to trial may present only a "rare situation." U.S.S.G. § 3E1.1, application note 2; *Roggy,* 76 F.3d at 194, (Application note 2 states that "conviction by trial does not automatically preclude a defendant from consideration for such a reduction"); *Barris,* 46 F.3d at 35 (quoting application note 2 as stating that "i[n] rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial."); *United States v. Smith,* 40 F.3d 933, 935 (8th Cir.1994) (§ 3E1.1 does not punish a defendant for exercising his constitutional right to a jury trial, citing *United States v. Young,* 875 F.2d 1357, 1360–61 (8th Cir.1989), which held that § 3E1.1 authorizes reductions for persons who are tried as well as those who plead guilty); *Karam,* 37 F.3d at 1286 (reduction for person who went to trial presents a "rare situation"); *King,* 36 F.3d at 734–35 (same).

■ Although reductions pursuant to § 3E1.1 for persons who compelled the government to try them present a "rare situation," the Eighth Circuit Court of Appeals has clarified that it is not the demand for a trial that is the impediment, but the ground upon which trial is demanded: thus, the reduction "is simply 'not intended to apply to a defendant who puts the government to its burden of proof at trial by denying *factual elements* of guilt.'" *Smith*, 40 F.3d at 936 (emphasis added); *see also Roggy*, 76 F.3d at 194, ("no adjustment is warranted when the defendant denies the factual element of guilt, goes to trial, is convicted, and only then admits guilt and expresses remorse," citing application note 2); *Karam*, 37 F.3d at 1286 (same ground for going to trial precludes acceptance-of-responsibility reduction); *King*, 36 F.3d at 734–35 (same ground as impediment); *United States v. Lucht*, 18 F.3d 541, 556 (8th Cir.) (same ground), *cert. denied*, —— U.S. ——, 115 S.Ct. 363, 130 L.Ed.2d 316 (1994); *see also Newson*, 46 F.3d at 734 (rejecting defendant's characterization of district court's rejection of acceptance-of-responsibility reduction because defendant continued to contend that he committed offense "only for the reason [that] somebody else tricked him into doing it" as a conclusion of law, rather than a finding of fact). The court concludes that this emphasis on the *factual* basis for a trial as precluding an acceptance-of-responsibility reduction is a concomitant of the Eighth Circuit's test for acceptance of responsibility.

■ The test of entitlement to an "acceptance of responsibility" reduction applied in the Eighth Circuit is whether the defendant has shown "a recognition and affirmative acceptance of responsibility" for his or her conduct. *Janis*, 71 F.3d at 310; *Nguyen*, 52 F.3d at 194 ("The key issue is whether the defendant has shown 'a recognition and affirmative responsibility for the offense and sincere remorse,'" quoting *United States v. Knight*, 905 F.2d 189, 192 (8th Cir.1990)); *Barris*, 46 F.3d at 35 (court may grant reduction "if the defendant clearly demonstrates a

recognition and affirmative acceptance of personal responsibility for his criminal conduct"); *Drapeau*, 943 F.2d at 29.[4] Courts have also found a sincere showing of remorse to be relevant to acceptance of responsibility. *United States v. Irons*, 53 F.3d 947, 950 (8th Cir.1995) (refusal to grant reduction was appropriate where the defendant "never expressed remorse for his crimes"); *Nguyen*, 52 F.3d at 194 (acceptance of responsibility for criminal conduct and "sincere remorse" are the test); *Knight*, 905 F.2d at 192 (same). Thus, the test of acceptance of responsibility is founded on the defendant's recognition and acceptance of responsibility for relevant *conduct*, and remorse for that conduct, not on whether the defendant pleaded guilty or took the matter to trial.

### 2. Applications

The Eighth Circuit's emphasis on acceptance of responsibility as demonstrated by acknowledgment of criminal conduct is shown by the long list of cases denying a reduction where the district court determined that the defendant's statements "d[id] not show a truthful admission of the conduct underlying his offense of conviction and thus d[id] not constitute acceptance of responsibility." *Janis*, 71 F.3d at 311 (defendant told his probation officer that he never touched the victim of the sexual abuse for which he was convicted, but medical records indicated "excoriation of the victim's posterior commissure"); *and see, e.g., Roggy*, 76 F.3d at 194, (no reduction where defendant continued to claim after conviction at trial that there was no factual basis for fraud conviction); *Wonderly*, 70 F.3d at 1026 (no reduction where defendant continued to insist upon her innocence); *United States v. Ali*, 63 F.3d 710, 718 (8th Cir.1995) (district court's denial of reduction was not clearly erroneous where denial was based on court's finding that defendant had never admitted to possessing a gun even after conviction for being a felon in possession of a firearm); *Skorniak*, 59 F.3d at 757 ("a defendant who denies relevant conduct that the court later determines to

---

4. Although the language of this test appears to hark back to the former language of § 3E1.1, as the cases cited above show, the Eighth Circuit

Court of Appeals has nonetheless applied this test under the newer language of the guideline in cases decided since the 1992 amendment.

have occurred has acted in a manner inconsistent with clearly accepting responsibility," and defendant had denied relevant conduct to offense of conspiracy to deal drugs); *Evans*, 51 F.3d at 766 (denial of reduction was not clearly erroneous where district court found, with sufficient support in the record, that defendant had been "less than truthful" about her role in the offense when dealing with authorities); *Makes Room*, 49 F.3d at 416 (defendant was not entitled to acceptance of responsibility reduction on conviction for second degree murder where he only offered to plead guilty to an assault charge, because defendant must accept responsibility for offense of conviction, and defendant denied the mens rea required for the murder charge); *United States v. Wyatt*, 19 F.3d 1283, 1285 (8th Cir.1994) (denial of relevant conduct of offense is inconsistent with acceptance of responsibility); *United States v. Trupiano*, 11 F.3d 769, 776 (8th Cir.1993) (although defendant asserted that a reduction is available for person who challenges at trial the "applicability of a statute to his conduct," no reduction was available where the defendant "at no time before, during, or after trial admitted to any of the conduct the government sought to prove"); *United States v. Franik*, 7 F.3d 811, 813 (8th Cir.1993) (defendant was properly denied reduction, despite PSI report's recommendation that he receive it, where he admitted to probation officer that he possessed the gun in question in felon-in-possession case, but only after conviction by a jury); *United States v. Yankton*, 986 F.2d 1225, 1230 (8th Cir.1993) (denial of adjustment was not clear error where defendant convicted of aggravated sexual abuse by use of force demonstrated remorse and admitted intercourse occurred, but denied forcible rape of victim); *Drapeau*, 943 F.2d at 28–29 (denial was not clear error where defendant in sex abuse case demonstrated remorse, but stated that he didn't remember offense because he was drunk and had difficulty believing he had committed it); *United States v. Cree*, 915 F.2d 352, 355 (8th Cir.1990) (denial not clear error where defendant convicted of involuntary manslaughter characterized his conduct as a "mistake").

Both the application notes to § 3E1.1 and case law further develop the distinction between *factual* disputes over guilt, which indi-

cate a failure by the defendant to recognize and accept responsibility for his or her conduct, and *legal* disputes over guilt. For example, in *Barris*, after noting that a defendant's insistence upon taking a matter to trial does not necessarily require denial of a reduction for acceptance of responsibility, the court noted the "rare situations" identified in the application notes to the guideline which demonstrate when taking a matter to trial does not preclude a reduction pursuant to § 3E1.1:

> "This may occur ... where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt." [U.S.S.G. § 3E1.1, Application Note 2.] The application note gives examples of a defendant raising a constitutional challenge to a statute or challenging the applicability of a statute to his conduct. *See also United States v. Johnson*, 956 F.2d 894, 903–05 (9th Cir.1992) (raising defense of duress at trial does not necessarily preclude acceptance-of-responsibility reduction); *United States v. Fleener*, 900 F.2d 914, 918 (6th Cir.1990) (entrapment defense and reduction for acceptance of responsibility not necessarily incompatible).

*Barris*, 46 F.3d at 35. Thus, the court in *Barris* held that going to trial on an insanity defense, "thus advancing an issue that does not relate to his factual guilt, may nevertheless qualify for an acceptance-of-responsibility reduction under the sentencing guidelines," and does not as a matter of law preclude such a reduction. *Id.* (stating that "[p]erhaps such a reduction rarely will be granted in these circumstances; [however,] whether it is to be granted or not lies in the sound discretion of the sentencing court"); *and compare Smith*, 40 F.3d at 936 (none of the grounds identified in application note 2 was presented, so no reduction was appropriate); *Karam*, 37 F.3d at 1286 (not one of the "rare situations" contemplated by the guideline).

This court has found few appellate decisions, and no reported district court decisions, considering a reduction in sentence for acceptance of responsibility in gambling cases based on 18 U.S.C. § 1955. *See, e.g., Trupiano*, 11 F.3d at 776 (defendant prose-

cuted for conducting an illegal gambling business under 18 U.S.C. § 1955 was properly denied reduction, although going to trial did not preclude the reduction, because the defendant never admitted to any of the conduct the government sought to prove, but only refrained from denying that he participated in card games); *United States v. Termini*, 992 F.2d 879, 882 (8th Cir.1993) (defendant was prosecuted for conduct of an illegal gambling business under 18 U.S.C. § 1955 and money laundering under 18 U.S.C. § 1956; however, the question of interest here was not reached by the court, because the defendant only appealed on the ground that he was entitled to the reduction for acceptance of responsibility on the money laundering charge, and the court overturned the conviction on that charge); *see also United States v. Morgano*, 39 F.3d 1358, 1377 (7th Cir.1994) (finding no ground for reduction for acceptance of responsibility in prosecution for conducting an illegal gambling business under 18 U.S.C. § 1955 where defendant admitted guilt only after trial, and then expressed only a "paltry" sense of remorse, and where defendant's ground for going to trial was his desire to avoid being forced to testify against his co-defendants; the court characterized the defendant's choice as "a conscious decision to forego the benefits of the acceptance of responsibility reduction and opt instead for the security of not being a squealer," which, though rational, was not recognized as a "worthy excuse" under the guidelines), *cert. denied sub nom. Palermo v. United States*, — U.S. ——, 115 S.Ct. 2559, 132 L.Ed.2d 813 (1995); *United States v. Miller*, 22 F.3d 1075, 1081 (11th Cir.1994) (finding the reduction available for defendant convicted after trial of conducting an illegal gambling business under 18 U.S.C. § 1955); *United States v. Cook*, 922 F.2d 1026, 1037 (2d Cir.) (no reduction for defendant sentenced after conditional plea and continued challenge to federal jurisdiction where defendant said, at the sentencing, "I will go to my grave saying I did nothing wrong."), *cert. denied sub nom. Tarbell v. United States*, 500 U.S. 941, 111 S.Ct. 2235, 114 L.Ed.2d 477 (1991). Fewer still of these cases are instructive on the points raised here, but the court will take what guidance these and other cases provide in making its determination, in the next section, of whether Mr. Schultz is entitled to a reduction of his sentence for acceptance of responsibility.

## C. "Acceptance Of Responsibility" In This Case

In deciding whether or not Mr. Schultz has accepted responsibility for his criminal offense, this court will first compare this case to cases that involve the same offense of which Mr. Schultz was convicted, then turn to the application of the standards and tests identified in the decisions considered above.

### 1. Acceptance of responsibility in "gambling business" cases

Among the cases involving requests for sentence reductions based on acceptance of responsibility following a guilty plea or conviction for conduct of an illegal gambling business in violation of 18 U.S.C. § 1955, only *Miller* is factually and legally similar. See *Miller*, 22 F.3d at 1081. In *Miller*, the Eleventh Circuit Court of Appeals upheld the district court's two-level reduction for acceptance of responsibility:

> Here, the court found that, although Miller consistently denied being a member of the gambling business, he displayed acceptance of responsibility by testifying about his activities in an honest way that "translated into an obvious finding of guilt." The court implicitly determined that Miller denied his guilt only because he did not understand the legal consequences of his acts.

The Government complains that this is clear error because the court rewarded Miller for merely being a "poor witness." We disagree both with the Government's characterization of one who testifies truthfully under oath as a "poor witness," and with its suggestion that Miller's admissions regarding his activities did not provide a sufficient basis for finding acceptance of responsibility. The commentary to § 3E1.1. expressly provides that the court should consider whether the defendant "truthfully admit[s] the conduct comprising the offense(s) of conviction." § 3E1.1

comment. (n.1(a)). The court did precisely that, and its finding, therefore, is not without foundation. We affirm its determination that Miller accepted responsibility for his acts.

*Miller*, 22 F.3d at 1081. The application note to which the Eleventh Circuit Court of Appeals referred states, in pertinent part, as follows:

1. In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:

(a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)....

U.S.S.G. § 3E1.1, application n. 1(a).

In this case, as in *Miller*, this court finds that Mr. Schultz "displayed acceptance of responsibility by testifying about his activities in an honest way that 'translated into an obvious finding of guilt.'" *Miller*, 22 F.3d at 1081. Mr. Schultz denied nothing whatever about his own conduct, and that testimony provided the factual basis for a finding of guilt on the offense charged. Like the defendant in *Miller*, Mr. Schultz's denial of guilt was because he did not understand the consequences of his acts under *federal* law, *id.*, although, unlike the defendant in *Miller*, and to his credit on the present consideration of acceptance of responsibility, Mr. Schultz readily acknowledged that his conduct had legal consequences under *state* law. Like the court in *Miller*, therefore, this court concludes that honest testimony by the defendant concerning all the factual allegations against him, and the obvious translation of that testimony into a finding of guilt, meets the requirements for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and application note 1(a).

Furthermore, although the decision in *Miller* concentrated on the defendant's conduct at trial, and this court has also emphasized Mr. Schultz's conduct at trial, the court finds that a decision to grant a reduction in this case based on *Miller* and U.S.S.G. § 3E1.1, application note 1(a), is not undercut by consideration of the warning, in application note 2, that where a defendant has taken his case to trial, "a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." U.S.S.G. § 3E1.1, application note 2. This court finds that it was not simply at trial that Mr. Schultz provided the same kind of truthful statements rewarded by the district and appellate courts in *Miller* by the grant and affirmance of a reduction in sentence for acceptance of responsibility. Rather, it is evident from the record that Mr. Schultz provided the same kind of truthful statements to government investigators prior to trial, for example, during contacts with government agents investigating his gambling business. Thus, a reduction in sentence for acceptance of responsibility for truthful admission of conduct comprising the offense of conviction is appropriate under both application notes 1(a), as suggested by *Miller*, and under application note 2 to U.S.S.G. § 3E1.1.

However, the court need not rely solely on the similarity of this case to the one before the Eleventh Circuit Court of Appeals in *Miller* as establishing Mr. Schultz's entitlement to a reduction in this case, but can also rely on significant differences between this case and the only relevant Eighth Circuit Court of Appeals decision involving a request for a reduction in sentence after a conviction under the "gambling business" statute involved here. Mr. Schultz's acceptance of responsibility, to the same extent it favorably compares with that of the defendant in *Miller*, favorably contrasts with that of the defendant in *Trupiano*, 11 F.3d at 776, which also involved a conviction under 18 U.S.C. § 1955. Indeed, this court doubts the contrast could be clearer.

In *Trupiano*, the defendant sought a reduction for acceptance of responsibility, despite his insistence on taking his case to trial, on the ground that he had challenged the applicability of a statute to his conduct under U.S.S.G. § 3E1.1, application note 2. *Trupiano*, 11 F.3d at 776. Trupiano had asserted that his conduct did not violate Missouri's gambling laws, because it involved card games, not other forms of gambling, and because there was no "rake," that is, no take by the operators of a portion of the wages or profits to cover expenses regardless of who

wins or losses. *Id.* at 771. The Eighth Circuit Court of Appeals rejected Trupiano's argument based on application note 2:

> We might be more sympathetic to Trupiano's claim that he accepted responsibility but for the fact that he did not admit to any of the essential elements of operating an illegal gambling business under 18 U.S.C. § 1955. In spite of the substantial evidence the government amassed against him, he at no time before, during, or after trial admitted to any of the conduct the government sought to prove. The closest he came to accepting responsibility was not denying that he participated in card games.

*Trupiano,* 11 F.3d at 776. Thus, whatever his "application of the statute" arguments might have been, the Eighth Circuit Court of Appeals rejected a reduction for acceptance of responsibility in Trupiano's case, because he refused to admit the *conduct* that was the *factual basis* for the offense. *Id.*

Mr. Schultz's behavior is exactly to the contrary. He honestly admitted all of his own conduct upon which the factual elements of the government's charges was based. Furthermore, he assisted the government, defense counsel, and consequently the jury, in developing a full understanding of how his admittedly illegal gambling business operated, and took upon himself the responsibility for any wrongful conduct operation of that business involved. In further contrast to the conduct of the defendant in *Trupiano,* Mr. Schultz's defense was therefore based on application of the statute to his conduct, not on a dispute or denial of the factual elements of his conduct. *Compare Trupiano,* 11 F.3d at 776 ("application of the statute" argument was coupled with complete denial of factual elements of defendant's own conduct). Consideration of *Trupiano,* the nearest thing to controlling precedent on the issue of a reduction of sentence for conviction of conducting an illegal gambling operation, therefore reaffirms this court's conclusion that Mr. Schultz is entitled to a reduction of sentence for acceptance of responsibility under U.S.S.G. § 3E1.1, application notes 1(a) and (2).

### 2. Application of principles and tests

Furthermore, in finding Mr. Schultz should receive the reduction for acceptance of responsibility, the court may here rely on the principles and tests employed by the Eighth Circuit Court of Appeals when considering a reduction in sentence pursuant to U.S.S.G. § 3E1.1. First, the Eighth Circuit Court of Appeals has recognized that taking a matter to trial does not necessarily preclude the defendant from receiving a reduction in sentence for acceptance of responsibility, even if reductions in such circumstances may be available only in "rare situations." *Roggy,* 76 F.3d at 194; *Barris,* 46 F.3d at 35; *Smith,* 40 F.3d at 935; *Karam,* 37 F.3d at 1286; *King,* 36 F.3d at 734–35. Thus, Mr. Schultz's decision to take this case to trial does not necessarily stand as an impediment to the requested sentence reduction.

Furthermore, application of the test for acceptance of responsibility employed by the Eighth Circuit Court of Appeals demonstrates that this is indeed one of the "rare situations" in which the reduction is appropriate even after conviction at trial. That test, as the court stated above, is whether the defendant has shown "a recognition and affirmative acceptance of responsibility" for his or her conduct, *Janis,* 71 F.3d at 310; *Nguyen,* 52 F.3d at 194; *Barris,* 46 F.3d at 35; *Drapeau,* 943 F.2d at 29, coupled with a sincere showing of remorse. *Irons,* 53 F.3d at 950; *Nguyen,* 52 F.3d at 194; *Knight,* 905 F.2d at 192. The court finds both elements present here.

This court has found in the statement of the test and its application by the Eighth Circuit Court of Appeals a constant emphasis on the defendant's acceptance of responsibility for his or her *conduct,* and remorse for that conduct, and honesty about the *factual basis* for the offense, rather than an emphasis on whether the defendant pleaded guilty or took the matter to trial. There can be no doubt from the record presented here that Mr. Schultz admitted all of the essential *factual* elements of the government's case under 18 U.S.C. § 1955 that depended upon *Mr. Schultz's conduct,* and admitted that he was conducting a gambling business that was illegal under Iowa law. Furthermore, Mr. Schultz embraced his responsibility for any wrongdoing, demonstrating to the court that he believed himself to be the only or principal wrongdoer in the conduct of the illegal gambling business. The court concludes that

these admissions meet the test as to admission and acceptance of responsibility for the defendant's personal conduct. *See Janis,* 71 F.3d at 310; *Nguyen,* 52 F.3d at 194; *Barris,* 46 F.3d at 35; *Drapeau,* 943 F.2d at 29; *and contrast, e.g., Trupiano,* 11 F.3d at 776 (complete denial of factual basis as to own conduct); *see also* U.S.S.G. § 3E1.1, application note 1(a) (truthful admission of defendant's conduct comprising the offense is a consideration for acceptance of responsibility).

The court also finds that there is in the record sufficient evidence of remorse to meet the second prong of this test. *See Irons,* 53 F.3d at 950; *Nguyen,* 52 F.3d at 194; *Knight,* 905 F.2d at 192. As the court observed in its discussion of the background to this sentencing decision, the court finds that Mr. Schultz was genuinely regretful, not just at being "caught," but at involvement in a business that was illegal. The court therefore needs no incantation of regret and remorse upon which to found its determination that Mr. Schultz is remorseful and accepts responsibility for his conduct. *See Roggy,* 76 F.3d at 194, (no such incantation required or sufficient); *Mabry,* 3 F.3d at 250 (same); *Speck,* 992 F.2d at 862 (same).

Because the court is satisfied that Mr. Schultz's conduct during and before trial demonstrates his acceptance of responsibility for his wrongful conduct, the court must further consider whether the defense Mr. Schultz asserted as the ground for taking this case to trial meets the requirements of application note 2 and applicable case law. Mr. Schultz did not make any constitutional challenge to the statute under which he was convicted, but he did, in this court's view, challenge the applicability of the statute to his conduct, or, more properly, to his gambling enterprise, because his challenge was based on the "five-person requirement" of the statute under which he was charged, 18 U.S.C. § 1955. *See, e.g.,* U.S.S.G. § 3E1.1, application note 2 (recognizing both grounds for insisting on trial); *Barris,* 46 F.3d at 35 (same).

It must be remembered that under both the *"Smaldone"* and *"Gresko"* lines of cases, the five-person requirement is both "jurisdictional" and a factual element of a violation. *See, e.g., Rieger,* 942 F.2d at 234–35 (describing the requirement as "jurisdictional");

*Murray,* 928 F.2d at 1246–47 (same). Furthermore, these requirements refer to the *gambling operation,* not to individuals. *See, e.g., Smaldone,* 485 F.2d at 1351. But even the "factual" aspect of the requirement is inextricably intertwined with the legal question of the meaning of the requirement and its relationship to other elements of the offense under the statute, which is precisely the reason for the split in authority represented by the *"Smaldone"* and *"Gresko"* lines of cases. Mr. Schultz asserted these legal questions as the basis for his defense, and it was for the court, in the first instance, and ultimately for the jury, to determine the applicability of the statute to the largely undisputed facts of the case to decide whether the jurisdictional five persons, in the proper relationship to other elements of the offense, could be found in this case. The court simply cannot accept the probation officer's characterization of Mr. Schultz's defense as a dispute over the factual basis for the offense, even though the jury had to resolve a factual question, identification of five or more persons who met the criteria of the statute, to determine whether an offense had been committed. Furthermore, the factual question, to the extent it was pivotal to a determination of guilt, was at least one step removed from any of Mr. Schultz's own conduct. *Smaldone,* 485 F.2d at 1351. This court concludes that Mr. Schultz's defense was indeed one based on the applicability of the statute to his conduct or his admittedly illegal gambling business, and therefore presents one of the "rare situations" in which taking the case to trial does not preclude a reduction for acceptance of responsibility. U.S.S.G. § 3E1.1, application note 2; *Barris,* 46 F.3d at 35. The court has therefore ordered a two-level reduction in Mr. Schultz's sentence pursuant to U.S.S.G. § 3E1.1(a), and has entered sentence accordingly.

### III. CONCLUSION

The court finds that Mr. Schultz has shown a recognition and affirmative responsibility for his offense, and sincere remorse for that offense, such that he is entitled to a sentence reduction for "acceptance of responsibility" even though he stood upon his constitutional right to trial by jury. Mr. Schultz's conduct during and prior to trial, honestly and com-

**1356**

pletely admitting his conduct and the illegality of his gambling business under state law, and the nature of his defense at trial, which was not founded upon dispute or denial of the factual basis for the charges, but on applicability of the federal statute to his conduct and his gambling business, convince the court that Mr. Schultz has accepted responsibility for his offense. This conclusion is in accord with a similar favorable decision from another circuit court of appeals, and contrasts favorably with the only decision from this circuit involving similar issues and a similar offense, but a contrary result. Furthermore, the conclusion is grounded on application of this circuit's test for acceptance of responsibility, which emphasizes the defendant's acceptance of responsibility for his own conduct, and remorse for that conduct.

Therefore, despite the lack of a supporting recommendation in the pre-sentence investigation report, the court has granted Mr. Schultz's request for a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

**IT IS SO ORDERED.**