In the
United States Court of Appeals
For the Seventh Circuit

No. 98-2045

United States of America,

Plaintiff-Appellee,

v.

Ruben R. De La Rosa, Jr.,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Indiana, Hammond
Division.
No. 97 CR 106--Rudy Lozano, Judge.

Argued January 20, 1999--Decided October 29,
1999

   Before Coffey, Ripple, and Kanne, Circuit
Judges.

   Coffey, Circuit Judge.  Ruben De La Rosa
("De La Rosa") filed a pretrial "Motion
to Bar Government From Introducing at
Trial Substance of Defendant's Post-
Arrest Statement Due to a Governmental
Violation of FRCrP Rule 16" and argued
that the government belatedly disclosed
his post-arrest statement in violation of
Rule 16(a)(1)(A) of the Federal Rules of
Criminal Procedure. The trial judge
denied the motion. After a jury found
that De La Rosa was guilty of conspiring
to possess cocaine and possession of
cocaine, De La Rosa filed a motion for a
new trial. The district court granted the
government's motion to strike his motion
for a new trial because De La Rosa failed
to comply with the court's order to file
a supporting memorandum with citation to
legal authority. De La Rosa appeals,
contending that the denial of his motion
to exclude his confession rendered his
trial unfair, and that the district court
abused its discretion in striking his
motion for a new trial. We affirm.

I.  Background

At De La Rosa's probable cause and detention hearing on July 31, 1997, DEA Task Force Agent David Zamora testified that, based on a tip from a confidential informant, DEA agents and Schererville, Indiana police set up surveillance along Highway 30 from Chicago to Schererville. Agent Zamora also testified that he stopped and searched the car in which De La Rosa and Barron were traveling and seized approximately two kilograms of cocaine hidden in the car's "air vent." Agent Zamora further stated that after De La Rosa's arrest, he advised De La Rosa of his Miranda rights and De La Rosa waived his rights to remain silent and to have counsel present during interrogation. De La Rosa further stated that, in July 1997, he and Barron had traveled from Los Angeles, California to Chicago, Illinois in search of employment. According to Agent Zamora, De La Rosa also told him that he and Barron stayed at a motel in Alsip, Illinois, where Barron purchased the two kilograms of cocaine they had hidden in the car's air vent.

Based at least partially on the testimony recited above, a federal grand jury sitting in the Northern District of Indiana charged De La Rosa and Gerardo Hernandez Barron ("Barron") in a two count indictment with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. sec.sec. 846 and 841(a)(1), and possession with the intent to distribute cocaine, in violation of 21 U.S.C. sec. 841(a)(1), in August of 1997.

Following De La Rosa's arraignment on August 26, 1997, the magistrate judge entered a pretrial order requiring the government to permit De La Rosa upon request to inspect or copy any "written or recorded statements or confessions made by the defendant." The order further directed that at a pretrial conference scheduled for October 16, 1997, the parties were to "be prepared to discuss and consider" all confessions and admissions. In December 1997 co-defendant Barron pled guilty to the possession charge, and De La Rosa's trial was scheduled to commence on January 5, 1998. The magistrate judge scheduled a second pretrial conference for December 19, 1997 after De La Rosa's original trial date

was adjourned. At this second conference, the government maintained its contention that it had fulfilled all its Rule 16/1 requirements. At this time, the magistrate judge granted De La Rosa's unopposed motion to substitute retained counsel for his court-appointed counsel.

Late in the afternoon on December 31 the government faxed to defense counsel a report, prepared on July 25, 1997 by Agent Zamora, which included a summary of De La Rosa's post-arrest statement. The report noted that De La Rosa, after being advised of his Miranda warnings and signing a written waiver, admitted that he had: (1) traveled with Barron to Illinois from California looking for employment; (2) stayed at an Illinois motel where Barron purchased two kilograms of cocaine and then hid them in the car's air vent; (3) known where the cocaine was hidden; and (4) met with Barron's brother-in-law so that the brother-in-law could inspect the cocaine. The report goes on further to state that De La Rosa refused to make any further statements or answer questions without an attorney present.

At trial, De La Rosa moved to bar the government from introducing in evidence his post-arrest statement under Rule 16(d)(2), arguing that it should have been "disclosed routinely as Rule 16 material" and if disclosure had been timely he would have conducted further investigation and moved to suppress the statement. At the hearing on the motion, government counsel conceded that earlier disclosure would have been preferable, but argued that the delay had been inadvertent and that in any event the December 31, 1998 disclosure satisfied the magistrate judge's discovery schedule. Moreover, government counsel asserted that Agent Zamora's testimony at the detention hearing substantially recited De La Rosa's post-arrest statement. Judge Lozano offered to continue the trial "for a few days" to allow De La Rosa additional time to investigate the statement further, but De La Rosa rejected the proposal, stating that he had already been in detention for six months. Although defense counsel acknowledged that he had not requested Rule 16 disclosure (as required), he nevertheless insisted that the government was obligated to disclose De La Rosa's

statements earlier and maintained that because the government, in his opinion, had failed to disclose the statement in a timely manner, the appropriate remedy was exclusion of the statement. The trial judge disagreed with De La Rosa's counsel's assertion that exclusion of the statement was the sole appropriate remedy and found that even if the government erred in failing to disclose the statement earlier, a continuance of the trial to give defense counsel additional time to review the materials would cure any arguable prejudice. The court also advised De La Rosa that it would grant a "short continuance" for further investigation if De La Rosa's counsel deemed it necessary and filed the proper motion. Defense counsel never did request a continuance, and De La Rosa's trial commenced as previously scheduled./2

At trial, Zamora again testified that after his arrest De La Rosa confessed that he was aware that Barron had obtained two kilograms of cocaine from an unknown source, that the cocaine was concealed in the car, and further that at the time of his arrest he was traveling with Barron with the knowledge that they were on the way to meet a prospective drug buyer. After the jury returned guilty verdicts on both counts, De La Rosa moved for a new trial, arguing among other things that the court had erred in denying the motion to exclude his post-arrest statement. Because the new trial motion failed to cite any of the required legal authority, the court noted in a written order that it would "take [the] motion under advisement pending further briefing with authorities" and ordered De La Rosa to "supply such a brief within fifteen days." Because De La Rosa never complied with the district court order, the judge granted the government's motion to strike De La Rosa's motion for a new trial.

II.  Issues

On appeal, De La Rosa argues that the trial court improperly denied the motion to exclude his post-arrest statement and erroneously granted the government's motion to strike his motion for a new trial. We review the court's denial of De La Rosa's Rule 16(d)(2) motion for an abuse of discretion, see United States v. Jackson, 51 F.3d 646, 651 (7th Cir.

1995), and review its grant of the motion to strike under the same standard, see Maldonado v. U.S. Bank, 186 F.3d 759, 768 (7th Cir. 1999).

III.  Analysis

If a party fails to comply with Rule 16, the trial court may "order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances." Fed. R. Crim. P. 16(d)(2). The trial court generally has discretion to fashion an appropriate sanction, see Jackson, 51 F.3d at 652, but a new trial is warranted only after all other, less drastic remedies are inadequate. See United States v. Dennis, 115 F.3d 524, 534 (7th Cir. 1997). Although a court may exclude evidence to remedy a discovery violation, exclusion is but one potential remedy. See Jackson, 51 F.3d at 651-52. Moreover, this court will not disturb a ruling on a motion for Rule 16 sanctions absent a showing of prejudice. See United States v. Salerno, 108 F.3d 730, 743 (7th Cir. 1997). A defendant is prejudiced under Rule 16 only when he is unduly surprised and lacks an adequate opportunity to prepare a defense, or when the violation substantially influences the jury. See id. at 744.

On appeal, De La Rosa's counsel argues that Rule 16(a) (1)(A) required the government to timely disclose De La Rosa's statement in spite of the fact that the defendant failed to make a timely request for it. Contrary to De La Rosa's unsupported assertions, this and other courts have consistently recognized that a proper request must be made to trigger the duty to disclose under Rule 16. See United States v. Navarro, 90 F.3d 1245, 1259 (7th Cir. 1996); United States v. Gio, 7 F.3d 1279, 1284 n.4 (7th Cir. 1993); United States v. Crass, 50 F.3d 81, 83 (1st Cir. 1995); United States v. Lewis, 35 F.3d 148 (4th Cir. 1994); United States v. Matthews, 20 F.3d 538, 549-50 (2d Cir. 1994). Notwithstanding this, De La Rosa insists that the 1974 amendment to Rule 16 requiring "mandatory" disclosure eliminated the requirement that Rule 16(a)(1)(A) disclosure be requested. We disagree.

The Advisory Committee Notes to Rule 16, which De La Rosa fails to acknowledge, provide that "[s]ubdivision (a)(1)(A) amends the old rule to provide, upon request of the defendant, the government shall permit discovery if the conditions specified in subdivision (a)(1)(A) exist." Fed. R. Crim. P. 16 advisory committee's note (1974 Amendment) (emphasis added). Accordingly, the 1974 Amendments to Rule 16 did not alter De La Rosa's responsibility to request that the government produce any and all documents pertaining to the statements he made to Agent Zamora. Because De La Rosa failed to file a proper request for these materials, we affirm.

Even assuming that the government violated Rule 16 by failing to disclose Agent Zamora's report earlier, De La Rosa's claim nonetheless fails because he has failed to demonstrate that he suffered any prejudice from the asserted delay in receiving the report. As noted above, Agent Zamora, at De La Rosa's detention hearing, testified concerning De La Rosa's post-arrest statement, stating that De La Rosa confessed to: (1) obtaining a motel room at Barron's direction; (2) knowing that Barron received two kilograms of cocaine at the motel from an unknown source; (3) knowing where the cocaine was hidden in the car; and (4) meeting Barron's brother-in-law so that he could inspect the cocaine. Although defense counsel made the argument that Judge Lozano did not review the detention hearing tape or transcript before ruling on his motion to suppress,/3 he has failed to demonstrate what prejudice De La Rosa suffered as a result of the asserted delay--a burden that rested with the defense. See Salerno, 108 F.3d at 743. Instead of addressing what prejudice, if any, De La Rosa suffered, defense counsel simply elected to challenge the remedy that the district court proposed.

Without doubt, the judge's offer to continue the trial was an adequate remedy in this case but sadly De La Rosa declined the offer. As De La Rosa argues, this is a relatively straightforward case involving a conspiracy of limited scope, and De La Rosa has failed to convince us that the facts underlying his confession could not have been investigated in the time between the confession's disclosure

and the onset of trial. And although De La Rosa argues that locating witnesses in just "a few days" would have been difficult, he has failed to demonstrate that the period of time the district court offered would have been insufficient to contact them. Nor has he ever identified the witnesses he was referring to, much less what the witnesses would have testified to, or that the testimony was relevant and would have contradicted Agent Zamora's testimony. Moreover, the remedy to which De La Rosa insists he is entitled--exclusion of his confession--is inappropriate where "the trial court finds that the government's violation did not result from its bad faith and . . . a less drastic remedy (such as a continuance) will mitigate any unfair prejudice." United States v. Marshall, 132 F.3d 63, 70 (D.C. Cir. 1998); see also United States v. Charley, 176 F.3d 1265, 1274 (10th Cir. 1999) (internal quotations and citation omitted) (exclusion "is almost never imposed in the absence of a constitutional violation or statutory authority for such exclusion"). As we have pointed out earlier, De La Rosa has failed to make any showing of prejudice from the asserted delay and there has been no finding of bad faith on the part of the government. Given that a continuance is cited in Rule 16 as a possible remedy for a violation of the rule and a continuance would have permitted defense counsel ample opportunity to conduct whatever investigation he deemed necessary, the trial judge did not abuse his discretion in offering a continuance, as opposed to excluding the statement, as a remedy for the alleged Rule 16 violation.

De La Rosa's challenge to the judge's granting of the government's motion to strike his motion for a new trial is likewise without merit. In his motion, De La Rosa asserted, once again without the necessary citation to legal authority, that the district court erred in: (1) denying his motion to bar the government from introducing in evidence his post-arrest statement; (2) denying his motion for a judgment of acquittal; (3) refusing to strike from the record all statements that the government argued were admissible as co-conspirator statements; (4) denying him acquittal based on the government's alleged failure to establish

that he was a member of the conspiracy; (5) introducing over his objection a particular jury instruction (although he does not specify why he finds the instruction objectionable); and (6) denying the jury instruction he requested identifying Jose Garcia as a "missing witness" who could have provided testimony material to his defense. Although De La Rosa raised all of these grounds in his new trial motion, on appeal he has abandoned all grounds other than the purported Rule 16 violation. On appeal, he only argues that because the merits of his motion to exclude his post-arrest statement under Rule 16(d)(2) had been "extensively argued" before the court ordered him to submit a supporting memorandum of law, the court's order that he file such a brief was by implication "discretionary." Our rejection of De La Rosa's Rule 16 claim renders harmless any alleged error in the district court's decision to strike his motion for a new trial.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.


/1 Fed. R. Crim. P. 16(a)(1)(A) provides that

[u]pon request of a defendant the government must disclose to the defendant and make available for inspection, copying or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent . . . . The government must also disclose to the defendant the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent if the government intends to use that statement at trial.


/2 This may have been because De La Rosa did not want the trial adjourned; evidenced by the fact

that he had previously complained about his six month confinement prior to trial.

/3 In making this argument, counsel relied on the trial judge's statement that he was taking "into account the fact that much of [De La Rosa's statement] allegedly was [discussed] during thedetention hearing." Counsel relies on the fact that the trial judge used the word allegedly and argues that this implies that the judge did not review the detention hearing tape. This is simply not the case. The judge's use of the word allegedly does not imply that he was unfamiliar with the detention hearing proceedings. Rather, the trial judge was merely paraphrasing the arguments made by the government.