**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2015
Decided March 12, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1422

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 CR 879-1 |
| ANTHONY JONES-BEY, *Defendant-Appellant*. | Virginia M. Kendall, *Judge*. |

**O R D E R**

After a bench trial, Anthony Jones-Bey[1] was convicted of distributing approximately 60 grams of crack. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). Prior drug convictions made him a career offender, *see* U.S.S.G. § 4B1.1(a), and the district court sentenced him below the guidelines range to 18 years' imprisonment. Jones-Bey filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Jones-Bey opposes counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature

---

[1] Although Jones-Bey's last name is identified in the indictment and judgment as "Jones," he signs his name "Jones-Bey." We will use the defendant's preferred name.

of the case and addresses the issue that an appeal of this kind might be expected to involve. Because counsel's analysis appears to be thorough, we limit our review to the subjects discussed in counsel's brief plus Jones-Bey's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Early in the proceedings, Jones-Bey rejected representation by his court-appointed attorney and raised several challenges to the district court's jurisdiction and other aspects of the proceedings. He initially refused to go to status hearings and when he finally did attend, he refused to be represented by counsel. The court informed Jones-Bey about the advantages of appointed counsel and the risks of proceeding pro se, and then permitted him to represent himself with former counsel acting as standby counsel. Jones-Bey also filed several affidavits, both before and after he began proceeding pro se, asserting that his status as both a Moorish national and a citizen of Illinois shielded him from the reach of federal jurisdiction, statutes, and regulations. The court construed these affidavits as motions to dismiss the indictment for lack of jurisdiction and denied them. And after being advised of his right to a jury trial, Jones-Bey opted for a bench trial.

At trial the government presented its case—including the testimony of an agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives and an officer from the Joliet Police Department, both of whom had investigated Jones-Bey's drug activity. The investigators testified that they conducted a controlled buy, during which a confidential informant bought 60.2 grams of crack from Jones-Bey for $1,800. The government introduced a recording of a preliminary phone call in which Jones-Bey spoke to the informant using code words to describe the drug type, quantity, and price he was offering; the government also introduced audio and visual recordings of the transaction itself. Throughout the trial, Jones-Bey repeated his jurisdictional objections to the proceedings but otherwise refused to participate; he did not make an opening or closing statement, cross-examine the government's witnesses, or call witnesses of his own. The court found him guilty of distributing crack. *See* 21 U.S.C. § 841(a)(1).

Counsel first considers whether Jones-Bey could challenge the district court's rejection of his many attempts to dismiss the indictment for lack of jurisdiction. Counsel concludes, and we agree, that the district court's jurisdiction over offenses against federal law is incontestable. *See* 18 U.S.C. § 3231; *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005).

Counsel next contemplates whether Jones-Bey could argue that the district court abused its discretion by permitting him to proceed pro se. We agree with counsel that

such a challenge would be frivolous because the court properly ensured that Jones-Bey knowingly and intelligently decided to represent himself. *See United States v. Cooper*, 591 F.3d 582, 587 (7th Cir. 2010); *United States v. Todd*, 424 F.3d 525, 530–31 (7th Cir. 2005). The court discussed with Jones-Bey the risks and disadvantages of self-representation, quizzed him about his desire to represent himself, and asked questions about his ability to do so; Jones-Bey stated that he had a high school degree and had taken some college classes, that he had neither mental health nor substance abuse issues, and that he unequivocally desired to represent himself.

Counsel also considers whether Jones-Bey could challenge the sufficiency of the evidence supporting his conviction. Counsel concludes, and we agree, that Jones-Bey could not plausibly contend that the evidence, viewed in the light most favorable to the government, was insufficient for a reasonable jury to find him guilty. *See United States v. Johnson*, 729 F.3d 710, 714 (7th Cir. 2013). The government presented the uncontroverted testimony of two investigators about Jones-Bey's sale of crack to an informant and introduced recordings of both a phone call arranging the sale and the sale itself, all evidence that is more than enough to support the verdict.

Counsel additionally considers whether Jones-Bey could challenge the denial of his motion for a new trial in which he contended that he did not receive discovery materials—including the transcripts of the recorded conversations—in a "timely manner" before trial, as required by Federal Rule of Criminal Procedure 16(a). As counsel properly explains, however, Jones-Bey received the documents several days before trial, and he cannot show that he was prejudiced by any delay in the documents' delivery. *See United States v. Warren*, 454 F.3d 752, 760 (7th Cir. 2006). Furthermore, the disclosure requirements of Rule 16 were not triggered because Jones-Bey never proffered a request for disclosure. *See* FED. R. CRIM. P. 16(a)(1)(E)–(F); *United States v. Neal*, 611 F.3d 399, 401 (7th Cir. 2010); *United States v. De La Rosa*, 196 F.3d 712, 716 (7th Cir. 1999).

Finally counsel considers whether Jones-Bey could challenge the terms of his sentence, but properly concludes that such a challenge would be frivolous. The court reasonably denied Jones-Bey's request for a downward variance premised on acceptance of responsibility because he did not admit his guilt or exhibit remorse until after putting the government to its proof. *See* U.S.S.G. § 3E1.1(a), cmt. n.1–2. Moreover, the 216-month term of imprisonment is well below his guidelines range of 360 months to life and therefore presumptively reasonable. *See United States v. Long*, 748 F.3d 322, 332 (7th Cir. 2014); *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009). Counsel has not identified any consideration rebutting that presumption, nor can we. The court justified its

below-guideline sentence with reference to the relevant 18 U.S.C. § 3553(a) factors—including the seriousness of the offense, the need to protect the public, and Jones-Bey's long history of criminal activity and advancing age. And counsel does not suggest, nor can we detect, any basis for challenging the special conditions of supervised release.

In his Rule 51(b) response, Jones-Bey repeats his arguments challenging the court's jurisdiction, but these contentions are frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.