UNITED STATES of America, Appellee,

v.

George Hershel BARRIS, Jr., Appellant.

No. 94–2257.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1994.

Decided Jan. 20, 1995.

James H. Phillips, Little Rock, AR, for appellant.

Clarence Daniel Stripling, Little Rock, AR, for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

George Hershel Barris, Jr., appeals his conviction and sentence on two counts of threatening to kill the President of the United States in violation of 18 U.S.C. § 871. We affirm the conviction but vacate the sentence and remand for further proceedings.

## I.

On May 7, 1993, Barris presented himself to the Veterans Administration (VA) Outpatient Clinic in North Little Rock, Arkansas. Barris had recently been discharged from an inpatient unit at the same facility and was attending the Outpatient Clinic for his first follow-up appointment. During an interview in the reception area with one of the clinic social workers, Barris became extremely agitated and threatened to kill VA staff and President Clinton unless he received a disability pension. VA staff arranged to have Barris admitted to the hospital because they feared he would hurt someone.

After Barris was admitted to the hospital, a VA police officer contacted the Secret Service. Two Secret Service agents interviewed Barris at the hospital and, during the course of the interview, Barris admitted he had made some statements that could have been construed as threats. The agents decided not to arrest Barris because he was in a controlled environment and because he did not reiterate any threats. Early the next morning, Barris awoke and shouted that he was going to kill various people, including the President of the United States. Barris also stated that he had weapons buried nearby. Against medical advice, Barris left the hospital. VA personnel informed the Secret Service that Barris had left the hospital and had made additional threats to kill the President. Thereafter, Secret Service agents apprehended Barris.

At trial, Barris raised an insanity defense. He called a clinical psychologist, who testified that Barris suffers from an organic mental disorder. The psychologist further testified that, without medication, Barris is not competent and needs some type of guardianship or hospitalization. The government called its own expert witness who opined that, although Barris suffered from several mental disorders, Barris was not insane or severely impaired by his conditions at the time he threatened the President. The jury found Barris guilty as charged.

At sentencing, Barris's counsel objected to the presentence report's recommendation that Barris not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Counsel argued that, while Barris never denied making the statements, trial had been necessary because of the issues of Barris's competency and criminal responsibility for the offenses in light of his mental conditions. In overruling the objection, the District Court concluded that the insanity defense is inconsistent with acceptance of responsibility.

## II.

On appeal, Barris contends that, under *Watts v. United States*, 394 U.S. 705, 89 S.Ct.

1399, 22 L.Ed.2d 664 (1969) (per curiam), there was insufficient evidence to establish that he made true threats to kill the President because the threats were conditional and because the context of the statements showed that he did not actually intend to kill the President. In addition, Barris argues the District Court erred in concluding that an acceptance-of-responsibility reduction cannot be given where an insanity defense is raised.

### A.

■ When reviewing the sufficiency of the evidence underlying a guilty verdict, we must view the evidence in the light most favorable to the government and accept all reasonable inferences supporting the verdict as true. *United States v. Ortiz–Martinez,* 1 F.3d 662, 668 (8th Cir.), *cert. denied,* ––– U.S. –––, 114 S.Ct. 355, 126 L.Ed.2d 319 (1993). We have little difficulty in concluding that significant differences exist between the statements Barris made and those made in *Watts* by a draft resister at a public rally in Washington, D.C. Here, testimony established that Barris was highly agitated and repeatedly threatened to kill the President— even after Secret Service agents had interviewed him following the initial threats. In addition, as he was leaving the VA hospital, Barris again threatened the President and stated that he had access to a cache of weapons. In light of these facts, a jury reasonably could view Barris's statements as true threats and not the "very crude offensive method of stating a political opposition to the President" found in *Watts. See Watts,* 394 U.S. at 708, 89 S.Ct. at 1401–02. *See also United States v. Bellrichard,* 994 F.2d 1318, 1322 (8th Cir.) (conditional threats may be considered true threats), *cert. denied,* ––– U.S. –––, 114 S.Ct. 337, 126 L.Ed.2d 282 (1993).

### B.

■ As to Barris's acceptance-of-responsibility argument, we review *de novo* issues concerning the application of the sentencing guidelines. *United States v. Washington,* 17 F.3d 230, 234 (8th Cir.), *cert. denied,* ––– U.S. –––, 115 S.Ct. 153, 130 L.Ed.2d 92 (1994). Under section 3E1.1(a), a district court may grant a two-level reduction in the offense level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." Application Note 2 states that "i[n] rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial. This may occur ... where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt." The application note gives examples of a defendant raising a constitutional challenge to a statute or challenging the applicability of a statute to his conduct. *See also United States v. Johnson,* 956 F.2d 894, 903–05 (9th Cir.1992) (raising defense of duress at trial does not necessarily preclude acceptance-of-responsibility reduction); *United States v. Fleener,* 900 F.2d 914, 918 (6th Cir.1990) (entrapment defense and reduction for acceptance of responsibility not necessarily incompatible).

■ We conclude that a defendant who goes to trial on an insanity defense, thus advancing an issue that does not relate to his factual guilt, may nevertheless qualify for an acceptance-of-responsibility reduction under the sentencing guidelines. Perhaps such a reduction rarely will be granted in these circumstances; whether it is to be granted or not lies in the sound discretion of the sentencing court. We hold only that a defendant's assertion of an insanity defense does not as a matter of law preclude a reduction for acceptance of responsibility. In so holding, we emphasize that, as the Sentencing Commission has noted, when a defendant goes to trial to assert and preserve issues that do not relate to factual guilt, "a determination that [the] defendant has accepted responsibility will be based primarily upon pretrial statements and conduct." U.S.S.G. § 3E1.1 Application Note 2.

### III.

For the reasons stated, we affirm the conviction but vacate the sentence and remand for resentencing. This will allow the District Court to exercise its discretion as to whether

in view of Barris's statements and conduct, Barris merits a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.