USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-1789 UNITED STATES OF AMERICA, Appellee, v. MICHAEL CRASS, Defendant, Appellant.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________  ____________________ Torruella, Chief Judge, ___________ Aldrich, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________  ____________________ Edward C. Roy, with whom Roy & Cook was on brief for appellant. _____________ __________ Zechariah Chafee, Assistant United States Attorney, with whom ________________ Sheldon Whitehouse, United States Attorney, was on brief for appellee. __________________  ____________________ March 24, 1995  ____________________ CYR, Circuit Judge. Appellant Michael Crass challenges CYR, Circuit Judge. _____________ his conviction and sentence for using a firearm during and in relation to a drug trafficking crime. See 18 U.S.C. 924 ___ (c)(1). Finding no error, we affirm. On June 4, 1993, the Providence Police Department executed a search warrant at the Crass apartment and discovered marijuana and cocaine throughout.1 On a closet shelf, the police found seventeen baggies of cocaine and two pistols. Although the hand grip on one firearm was broken, both were loaded and operable. The putative owner testified for the defense that he had left one unloaded firearm with Crass for repair six months prior to the search, and the other for safe- keeping a week before the search. Crass first challenges the sufficiency of the evidence, which we review in the light most favorable to the verdict. United States v. Cotto-Aponte, 30 F.3d 4, 5 (1st Cir. 1994). _____________ ____________ Notwithstanding their proximity to the baggies of cocaine, he contends on appeal, as he did below, that the firearms were not used during and in relation to a drug trafficking crime within the meaning of 18 U.S.C. 924(c)(1). He principally relies on United States v. Bruce, 939 F.2d 1053 (D.C. Cir. 1991), for the _____________ _____ claim that there was insufficient evidence of a "facilitative nexus," see United States v. Paulino, 13 F.3d 20, 26 (1st Cir. ___ _____________ _______  ____________________ 1Crass pled guilty to three drug trafficking offenses based on the evidence seized from his apartment. 2 1994), between the firearms and the drugs found in the closet.2 Under our "facilitative nexus" test, a section 924- (c)(1) conviction may lie even though the evidence establishes no more than that a firearm served a passive purpose during and in _______ relation to the commission of a drug crime, as by affording a means of safeguarding drugs possessed for distribution. The close proximity between the firearms and the cocaine seized inside the same closet enabled the jury reasonably to infer that Crass kept the firearms for the purpose of safeguarding the cocaine, see United States v. Bergodere, 40 F.3d 512, 519 (1st ___ _____________ _________ Cir. 1994), clearly establishing the necessary "facilitative nexus." See Smith v. United States, 113 S. Ct. 2050 (1993). ___ _____ _____________ Second, Crass claims surprise and prejudice from police testimony concerning the street value of the cocaine seized in the search. At a pretrial hearing on his request for disclosure of expert testimony to be presented by the government, see Fed. ___ R. Crim. P. 16(a)(1)(E), Crass sought to ascertain whether the government intended to have "police officers com[e] in and testify[] about giving opinions about the use of the guns and ___ ___ __ ___ ____ being consistent with their experience and that kind of thing." (emphasis added). The government disavowed any such intention.  ____________________ 2Neither party noted that Bruce had been overruled in United _____ ______ States v. Bailey, 36 F.3d 106, 115 (D.C. Cir. 1994) (en banc) ______ ______ (Ginsburg, J.), cert. denied, 63 U.S.L.W. 3642 (U.S. 1995), which ____ ______ explicitly adopted our "facilitative nexus" test. 3 At trial, the government presented a narcotics offi- cer's testimony on the current street value of the seized co- caine, for the purpose of establishing that Crass possessed the firearms as a means of safeguarding the valuable cocaine stash he kept in the apartment. Crass later urged the district court to exclude the testimony because it had not been disclosed in response to the Rule 16 motion. The court declined. It ruled that the testimony did not come within the pretrial discovery request, that it was on the cusp of fact and expert testimony and that defense counsel would be allowed to "cross-examine about [the expert witness's] experience in this area and what he knows about street prices of drugs." The duty to disclose under Rule 16 is triggered by a proper request. United States v. _____________ Carrasquillo-Plaza, 873 F.2d 10, 12 (1st Cir. 1989). The dis- __________________ trict court supportably ruled, inter alia, that the police _____ ____ testimony proffered by the government did not come within the pretrial motion submitted by the defense, because it directly related to the street value of the seized drugs and only indi- rectly to the purpose for which Crass kept the guns. Yet more importantly, the defense neither requested a continuance to obtain its own evidence on street drug prices, nor does it allege ______ prejudice. Even on appeal Crass makes no claim that the "street price" for cocaine in Providence was different than the narcotics officer stated. See United States v. Sepulveda, 15 F.3d 1161, ___ ______________ _________ 1178 (1st Cir. 1993) ("The lack of demonstrable prejudice sounds 4 the death knell for a 'delayed discovery' claim."). Thus, we find neither error nor prejudice. Third, Crass claims that he was entitled to a two-point downward adjustment for acceptance of responsibility pursuant to U.S.S.G. 3E1.1. The defendant bears the burden of proof under section 3E1.1 and we review the sentencing court ruling for clear error. United States v. Morillo, 8 F.3d 864, 871 (1st Cir. ______________ _______ 1993). Although Crass acknowledges that the Sentencing Guidelines generally preclude a downward adjustment for accep- tance of responsibility where the defendant "puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse," U.S.S.G. 3E1.1 (n.2), he argues that he fits within an exception to the general rule. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exer- cises his constitutional right to a trial. This may occur, for example, where a defen- dant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g. to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct.) Id. Crass contends that he qualified for a downward adjustment ___ for acceptance of responsibility notwithstanding the fact that the defense represented, both at trial and at sentencing, that the firearms were in no respect related to the drug trafficking offenses to which he had pled guilty. The district court correctly instructed the jury that Crass could be convicted only if he possessed the firearms with ____ 5 intent to facilitate drug trafficking. United States v. Reyes- ______ __ __________ ______________ ______ Mercado, 22 F.3d 363, 367 (1st Cir. 1994) (defendant must possess _______ firearm with intent that it be "available for possible use during or immediately following the transaction, or [to facilitate] the transaction by lending courage to the possessor."). In an effort to blunt the government's case on the essential element of intent, the defense called the putative owner of the firearms, who testified that he had delivered them to Crass for repair and safekeeping. Further, defense counsel urged the jury to find that the firearms were not possessed with intent to safeguard the ______ drugs. Thus, as was his right, Crass contested the central factual element of intent both at trial and at sentencing. But _______ ______ the jury could not have convicted Crass on the firearm charge without first rejecting the claim that he did not intend to possess the firearms for the purpose of safeguarding the drugs. See id. Except in extraordinary circumstances not present here, ___ __ see U.S.S.G. 3E1.1 (n.2), intent, like any other essential ___ ______ element of the crime charged, may not be contested by the defen- dant without jeopardizing a downward adjustment for "acceptance of responsibility" in the event the sentencing court rejects, as did the jury, the defendant's interpretation of the relevant evidence. See United States v. Bennett, 37 F.3d 687, 697 (1st ___ ______________ _______ Cir. 1994). The district court ruling was consistent with the law and the evidence. Affirmed.  Affirmed. ________ 6