[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 18, 2001
THOMAS K. KAHN
CLERK

_____

No.  00-11878

_____

D.C. Docket No.99-00011-CR-001

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY DEWAYNE FRANKS,

Defendant-Appellant.

_____

Appeal from the United District Court
for the Southern District of Alabama

_____

**(April 18, 2001)**

Before BIRCH and HULL, Circuit Judges, and O'NEILL*, District Judge.

O'NEILL, District Judge:

Defendant-Appellant Anthony Dewayne Frank appeals the district court's

_____

*Honorable Thomas N. O'Neill, Jr., U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

sentencing determination that he be given a two level increase in his offense level for committing a crime against a "vulnerable victim." See U.S. Sentencing Guidelines Manual § 3A1.1(b).  Frank also appeals the district court's denial of a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.  We affirm both rulings.

## I.  BACKGROUND

On October 10, 1997, Frank telephoned for a taxicab.  Shortly thereafter, a cab arrived and pulled away with Frank in the back seat.  Upon arrival at his destination, Frank took the cab driver's keys and money at gunpoint and ordered him to get into the trunk of the cab.  Frank then got into the driver's seat and drove away.  Witnesses contacted the police and, after attempting to flee, Frank eventually was apprehended.  A .22 caliber revolver was found hidden between the mattress and box spring of the bed behind which he was hiding.  A black bag containing clothing, .22 caliber ammunition and a note which read: "This is a stick-up (No Signal) No Large Bills.  I am armed" were later discovered in the back seat of the cab.

In January 1999, Frank was indicted by a grand jury for carjacking in violation of 18 U.S.C. § 924(c)(1), and for using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).  Following a trial, he was

convicted on both counts.   The pre-sentence investigation report ("PSI") submitted for the court's review at the sentencing hearing recommended that Frank be given a two level increase in offense level for committing a crime against a "vulnerable victim" under U.S.S.G. § 3A1.1(b).  The PSI also recommended against awarding Frank a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.  The district court adopted both these recommendations and on April 5, 2000, following a hearing, Frank was sentenced to 175 months' imprisonment for carjacking and to sixty months' imprisonment for using a firearm to carry out the offense, a total of 235 months, the sentences to run concurrently.

## II.  STANDARDS OF REVIEW

The district court's application of § 3A1.1(b) in determining whether a "vulnerable victim" enhancement is warranted is a mixed question of law and fact that we review de novo.  See United States v. Malone, 78 F.3d 518, 520 (11th Cir. 1996).  However, the district court's determination of a victim's "vulnerability" is essentially a factual finding to which we should give due deference.  See id. Further, the district court's findings of "historical fact" will be reversed only if clearly erroneous.  See id. at 520-521.

The district court's determination of whether a defendant is entitled to a

reduction for acceptance of responsibility under § 3E1.1(a) is a finding of fact that is entitled to great deference on appeal and will not be disturbed unless clearly erroneous. See United States v. Kendrick, 22 F.3d 1066, 1068 (11th Cir. 1994).

## III. DISCUSSION

### A. Vulnerable Victim

Frank objects to the two-level sentence increase he received for targeting a "vulnerable victim" under U.S.S.G. § 3A1.1(b),[1] asserting that the government failed to prove by a preponderance of the evidence that Frank targeted the taxi cab because he knew that cab drivers must respond to all dispatches and thus are particularly vulnerable to carjackings. In United States v. Malone, 78 F.3d 518 (11th Cir. 1996), this Court considered whether a cab driver was a "vulnerable victim" within the meaning of § 3A1.1, where the defendants had called a cab for the purposes of robbing the driver and stealing the vehicle. The Malone Court began by emphasizing that the enhancement is "appropriate only where the defendant targets the victim based on the latter's unique characteristics." Id. at 521. In other words, "the vulnerable victim adjustment focuses chiefly on the

---

[1] Section 3A1.1 of the U.S. Sentencing Guidelines Manual provides for a two-level upward adjustment to the defendant's offense level: "If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct."

conduct of the defendant and should be applied only where the defendant selects the victim due to the victim's perceived vulnerability to the offense." Id. at 522. The Malone Court went on to affirm the district court's application of the vulnerable victim enhancement because the defendants in that case testified that calling a cab saved them from having to go out and find a victim and because the defendants "specifically targeted [the victim], knowing that his obligations as a dispatched cab driver [i.e., his duty to respond to every call and pick up every potential passenger] made him more vulnerable to carjackings than other drivers of cars." Id.

The district court found the victim in this case to be similarly vulnerable. At Frank's sentencing hearing, defense counsel argued that the government had failed to prove that the victim was selected because he was a cab driver. The district court disagreed, stating: "Well, I heard the facts in this case, as I presided over the trial, and I find by a preponderance of the evidence that the defendant's calling the taxi was part of the plan and that he did have the intent to carjack the cab from the very beginning. So I'm denying that objection. . . ." The evidence of a "plan" referred to by the court included the robbery note, bag, extra clothes, and extra ammunition. The district court was convinced that Frank had decided that he needed a vehicle to effectively carry out a robbery of some sort, and summoned the

taxi for the express purpose of carjacking it and carrying out his plan. As in

Malone, the events at issue in this case took place in Mobile, Alabama, where cabs

are required to respond to every call given by the dispatcher. Even if Frank were

not aware of this ordinance, he certainly contacted the cab company with the

expectation that a taxi would be dispatched to him, allowing him to gain access to

the interior of a car and subsequently put in motion his plan to commit a robbery

using a stolen vehicle.

The determination that a defendant has targeted a victim based on his or her

vulnerability to a particular crime must take into account the totality of the

circumstances, including in some cases the victim's membership in a certain class

or occupation. We emphasize, however, that nothing in this opinion should be

taken as suggesting a sentence enhancement in every case where a defendant is

convicted of committing a crime against a cab driver. As this Court reaffirmed in

Malone, a victim is not to be considered "vulnerable" for purposes of sentencing

enhancement based solely on his or her membership in a class. See id. at 521.

Whether a "vulnerable victim" sentence enhancement should be made is a fact

intensive inquiry that must be made on a case-by-case basis. Under the

circumstances presented in this case, and in light of the deference owed the district

court's factual finding concerning the victim's vulnerability, we affirm its

application of the two-level sentence enhancement.

## B. Acceptance of Responsibility

Frank also appeals the district court's refusal to grant him a two-level downward adjustment of his sentence for acceptance of responsibility under U.S.S.G. § 3E1.1(a). At the sentencing hearing, Frank argued that his plea of insanity did not automatically preclude a downward adjustment for acceptance of responsibility and that, by notifying the government and the court prior to trial of his intent to assert this defense, he had accepted responsibility for the crime and was entitled to the adjustment. The government responded by pointing out that Frank, at least implicitly, called into question his involvement in the carjacking by cross-examining a number of witnesses at trial concerning their identification of him. The government also notes that Frank only presented the insanity defense to the jury after the government had completed its case. At the sentencing hearing the following exchange took place:

> THE COURT: Mr. Williams, I think you are correct that it's possible for him to receive the reduction for acceptance of responsibility. But under the facts of this case, I just don't think he is entitled to it. [] In other words if he had gone to trial on this issue of insanity [] from the beginning [] and that was the issue heard by the jury. Ordinarily when the defendant puts the government to trial, it's extremely rare for the defendant to get acceptance of responsibility. But you are correct; it's possible for him to do it. I just don't feel that he's entitled to it in this case.
>
> MR. WILLIAMS: Judge. . .if I may respond? [] Your honor, we entered a

plea of not guilty and not guilty by reason of insanity. This was not a secret to the government.

THE COURT: I'm not suggesting. . . it was a secret. But I heard the trial. [] I mean I know how the trial went. [] I feel here that since the defendant was taking the chance having it both ways – I don't think he got up initially and admitted anything.

Frank maintains that the tactical decision of a defense attorney to give an opening statement at the close of the government's case should not be a bar to an acceptance of responsibility reduction. Whether or not this is true, the application notes following the sentencing guideline concerning reductions on this basis indicate that putting the government to its burden of proof is a factor that may be considered by the sentencing judge.[2] Further, this was not the only basis for the district court's decision. The application notes for guideline 3E1.1 also state that "a determination that a defendant has accepted responsibility will be based on primarily pre-trial statements and conduct." See supra note 2. At the sentencing hearing, Frank's attorney cited United States v. Barris, 46 F.3d 33, 35 (8th Cir.

---

[2] "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare circumstances a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." U.S.S.G. § 3E1.1. app. 2.

1995) in support of his request for a sentence reduction.  The district court distinguished <u>Barris</u> stating "the court there talked about the fact that the defendant. . . had accepted responsibility, quote, 'primarily upon pretrial statements and conduct,' unquote.  We had none of that here."

A district court is in a "unique position to evaluate" whether a defendant sufficiently demonstrates acceptance of responsibility; therefore "the determination of the sentencing judge is entitled to great deference on review."  U.S.S.G. § 3E1.1 app. 5.  The court below acted within its discretion in denying Frank' s request for a sentence reduction based on acceptance of responsibility and we will not disturb that determination.

**AFFIRMED.**