# United States Court of Appeals
## For the First Circuit

No. 03-2337

UNITED STATES OF AMERICA,

Appellant,

v.

MARY REGINA ELIZABETH GORSUCH,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Selya, Circuit Judge,

John R. Gibson,[*] Senior Circuit Judge,

and Howard, Circuit Judge.

Margaret D. McGaughey, Appellate Chief, with whom Paula D. Silsby, United States Attorney, was on brief, for appellant.
Gregg D. Bernstein with whom Lipman, Katz & McKee, P.A. was on brief, for appellee.

AMENDED OPINION

April 19, 2005

---

[*]Of the Eighth Circuit, sitting by designation.

**HOWARD**, <u>Circuit Judge</u>. This is an opinion on a petition for rehearing. In light of the Supreme Court's decision in <u>United States</u> v. <u>Booker</u>, 125 S. Ct. 738 (2005), we <u>grant</u> the petition for panel rehearing, withdraw our earlier opinion, <u>United States</u> v. <u>Gorsuch</u>, 375 F.3d 114 (1st Cir. 2004), and substitute this opinion for it. On May 6, 2002, Mary Gorsuch entered a branch of the Fleet Bank in Bangor, Maine; brandished an unloaded semiautomatic handgun; robbed three teller stations of a total of $8,304; and walked out the door. Within minutes, a Bangor police officer arrested the dazed Gorsuch near the bank. Subsequently, a grand jury indicted Gorsuch on one count of armed bank robbery, <u>see</u> 18 U.S.C. §§ 2113(a) and (d), and one count of brandishing a firearm in relation to a crime of violence, <u>see</u> 18 U.S.C. § 924(c)(1)(A)(ii).

Gorsuch, who more than once has been involuntarily admitted to a mental health facility and bears a diagnosis of paranoid schizophrenia, entered a plea of not guilty by reason of insanity. The case proceeded to trial, the bulk of which involved mental health professionals testifying to the nature and severity of Gorsuch's illness. At the conclusion of two days of testimony, the jury rejected Gorsuch's insanity defense within approximately two hours and convicted her on both counts of the indictment.

The probation department thereafter prepared a presentence investigation report (PSI Report) that applied the 2002 sentencing guidelines and concluded that Gorsuch's total offense

level on count one should be 22 (yielding a guidelines sentencing range of 41 to 51 months because Gorsuch had no criminal history) and that Gorsuch was subject to a statutorily mandated seven-year consecutive term on count two. The PSI Report took the position that Gorsuch was not entitled to an acceptance of responsibility adjustment under USSG §3E1.1 because she had put the government to the burden of proceeding to trial. The PSI Report identified no grounds for a downward departure.

Gorsuch objected to the PSI Report, arguing (i) that she was entitled to an acceptance of responsibility adjustment because she had never disputed the historical facts alleged by the government, and (ii) that she was entitled to a downward departure on the ground of diminished mental capacity under the policy statement regarding such departures, namely, USSG §5K2.13. The probation department disagreed with Gorsuch's professed entitlement to an acceptance of responsibility reduction because Gorsuch had disputed her factual guilt and thus was not one of the rare defendants who, despite going to trial, might be eligible for the adjustment. See id. §3E1.1, cmt. n. 2 ("In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional

-3-

challenge to a statute or a challenge to the applicability of a statute to his conduct).").  The probation department also responded that a diminished capacity departure was unwarranted because USSG §5K2.13(2) disallows such departures where, inter alia, "the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence."

At sentencing, the district court sided with Gorsuch on both issues.  As to count one, the court concluded that Gorsuch's total offense level should be 19 (and not 22, as recommended by the probation department) because Gorsuch had accepted responsibility for her offense, see USSG §3E1.1(a) (directing sentencing courts to decrease the offense level by two levels for such defendants), and because Gorsuch was eligible for the additional one-level decrease described in USSG §3E1.1(b) (permitting certain defendants to obtain an additional reduction of one level if they timely provide complete information to the government concerning their involvement in the offense or timely notify the government of their intention to plead guilty).  The court then sentenced Gorsuch to 30 months' imprisonment on count cne (the low end of the guideline sentencing range for a defendant with a total offense level of 19 who lacks a criminal history).

As to count two, the court concluded that a diminished capacity downward departure was warranted.  It reasoned that

-4-

although Gorsuch had committed a crime involving a serious threat of violence, she would not be a threat to the public if she took her medication. The court then departed downward from the 84-month consecutive sentence recommended in the PSI Report and imposed a 12-month consecutive sentence on count two. Although the government opposed this downward departure, it did not alert the court to the fact that the seven-year consecutive sentence recommended in the PSI Report was <u>statutorily required</u> and therefore mandatory (at least where, as here, the government had not filed a motion for a downward departure premised on the defendant's substantial assistance). <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Burke</u>, 237 F.3d 741, 742-45 (6th Cir. 2001); <u>see also</u> USSG §5G1.1.

The government appeals. It challenges each of these sentencing determinations. For the reasons discussed below, we agree that the district court erred in its application of the sentencing guidelines with respect to count one and therefore vacate the sentence on count one. As to count two, we decline to recognize the government's forfeited claim that the district court erred in sentencing below the statutory minimum. Nevertheless, we vacate the sentence on that count as well. We remand the case as a whole for resentencing under the criteria set forth in <u>Booker</u>, 125 S. Ct. 738. On remand, the district court must consider the sentencing guidelines — but only on an advisory basis — and also must consider the other statutory factors set forth in 18 U.S.C. §

3553 (a), see Booker, 125 S. Ct. at 764-65, under which Gorsuch's serious mental illness, maternal responsibilities, and lack of a criminal record may be more relevant than under the pre-Booker regime of mandatory guidelines. On any further appeal, we will review the sentence imposed only for reasonableness. Id. at 765-66.

The government advances several legal and record-based arguments in support of its assertion that the district court erred in reducing Gorsuch's sentence on count one for acceptance of responsibility, including an argument that binding circuit precedent precludes a decrease where the defendant goes to trial to assert a recognized defense to criminal charges but fails to persuade the jury. See United States v. Chhien, 266 F.3d 1, 11 (1st Cir. 2001) (explaining that newly constituted panels must adhere to prior panel decisions). We think that this argument is correct. In United States v. Bello, 194 F.3d 18 (1st Cir. 1999), a panel of this court upheld a district court's refusal to grant an acceptance of responsibility adjustment to a defendant who did not contest that he had engaged in the conduct alleged to be the actus reus but (unsuccessfully) denied criminal responsibility on the ground of self-defense. See id. at 20-22, 28. We did so, in part, because the adjustment is available only to defendants who go to trial "'to assert and preserve issues that do not relate to factual guilt,'" id. at 28 (quoting USSG §3E1.1, cmt. n. 2) (emphasis in

original), and because "[a]n assertion of self-defense is a denial of an essential factual element of guilt for the purposes of this guideline section," id. Like the defendant in Bello, who denied the government's allegation that he had acted without legal justification, Gorsuch denied an essential factual element of guilt when she asserted at trial that she lacked the capacity to form the mens rea (and thus lacked the mens rea) necessary for the imposition of criminal responsibility. We thus do not see how the Bello rule and the acceptance of responsibility adjustment made to Gorsuch's offense level can coherently exist side by side within this circuit. See also United States v. Crass, 50 F.3d 81, 84 (1st Cir. 1995) (observing that a criminal defendant "jeopardiz[es]" his entitlement to an acceptance of responsibility adjustment by demanding a trial on whether he acted with the requisite criminal intent).

Gorsuch has no real response to this argument other than to point out that, in United States v. Ellis, 168 F.3d 558 (1st Cir. 1999), we referred to United States v. Barris, 46 F.3d 33, 35 (8th Cir. 1995), a case in which the Eighth Circuit stated that an assertion of an insanity defense at trial is not an automatic bar to an acceptance of responsibility reduction. See Ellis, 168 F.3d at 564; see also United States v. Paster, 173 F.3d 206, 221 n. 12 (3d Cir. 1999) (indicating that insanity defense does not preclude acceptance of responsibility adjustment); United States v. Fells,

78 F.3d 168, 172 (5th Cir. 1996) (similar). The short answer to Gorsuch's rejoinder is that the Ellis panel adverted to Barris merely as an illustration, without in any way endorsing the Eighth Circuit's holding. In all events, our decision in Ellis predated the Bello holding; therefore, any attempt to read something substantive into Ellis's citation to Barris necessarily comes to naught.

More importantly, neither Barris nor the cases similar to it explain how a defendant who has contested the government's allegation that she acted with the requisite mens rea has not at the same time contested her factual guilt and thereby declined to accept responsibility for the charged offense. Perhaps the Barris court was of the opinion that one need only admit the underlying historical facts — i.e., admit that she engaged in the conduct constituting the alleged actus reus — in order to be eligible for the adjustment. But the Bello panel adopted a rule that, in a very similar context, treats challenges to the government's "mental state" allegations as challenges to factual guilt. See also United States v. Mikutowicz, 365 F.3d 65, 75-77 (1st Cir. 2004) (acceptance of responsibility adjustment not appropriate where defendant admits to the actus reus but goes to trial to contest the government's allegation that his conduct was willful). Because Bello controls, Gorsuch must be resentenced on count one.

The government presents two major arguments in support of

its assertion that the district court erred in departing downward on the ground of diminished capacity with respect to count two. First, it asks us to vacate the court's imposition of a sentence below the statutory minimum under Fed. R. Crim. P. 52(b). Second, it argues that a diminished capacity departure is unwarranted on the facts of this case.

In United States v. Rodriguez, 938 F.2d 319 (1st Cir. 1991), we held that a sentencing court's imposition of a prison term below the minimum mandated by Congress constitutes "error" that is "plain" and that "affects substantial rights" within the meaning of Fed. R. Crim. P. 52(b). See id. at 322. Gorsuch does not dispute that, under the Rodriguez principle, the government has established three of the four prerequisites for an exercise of this court's discretion to correct errors under Rule 52(b). See, e.g., United States v. Cotton, 535 U.S. 625, 631 (2002) (detailing the requirements for error-correction under the Rule); United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001) (similar). But Gorsuch contends that, because of the sad facts of this case and the lengthy prison term she would have faced had the district court not departed downward, the government has not satisfied the fourth prong: that the error "seriously impair[] the fairness, integrity, or public reputation of judicial proceedings." Duarte, 246 F.3d at 60. We agree.

Ordinarily, we would recognize such an error — but this is a highly unusual case. The record suggests that Gorsuch is afflicted by a grave mental illness, except for which she probably never would have committed the crimes of which she stands convicted. The record also indicates that Gorsuch had no premeditated intention of harming anyone on the day in question, and that she is likely to be a law-abiding citizen if she takes medication to control her illness. One cannot help but cringe at the seven-year consecutive prison sentence recommended in the PSI Report with respect to count two for this troubled mother of three who otherwise lacks a criminal history. We therefore conclude that recognizing this forfeited error[1] is not necessary to ensure the integrity and fairness of Gorsuch's sentencing proceeding, and so we decline to afford such recognition to it.

Whether, even apart from the statutory minimum, a downward departure was appropriate under the sentencing guidelines is a closer question. The policy statement on diminished capacity departures set forth in USSG §5K2.13 prohibits such a departure if,

---

[1]In characterizing the error here as a forfeiture, we reject Gorsuch's suggestion that the government knowingly waived its right to insist upon the imposition of statutory minimum mandatory sentence. See United States v. Olano, 507 U.S. 725, 733 (1993) (discussing the difference between a "forfeiture," which may be corrected under Rule 52(b), and a "waiver," which is the "intentional relinquishment or abandonment of a known legal right" and which cannot be undone under Rule 52(b)) (citation and internal quotation marks omitted); United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) (similar). The record does not support a finding of waiver here.

inter alia, "the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence . . . ." Without explicitly considering any alternative interpretation, a number of courts have read this guideline to preclude a departure when the facts and circumstances of the offense per se indicate a need to protect the public because the offense per se involved actual violence or a serious threat of violence. See, e.g., United States v. Sheehan, 371 F.3d 1213, 1216 (10th Cir. 2004); United States v. Woods, 359 F.3d 1061, 1065 (8th Cir. 2004); United States v. Dela Cruz, 358 F.3d 623, 625 (9th Cir. 2004); United States v. Cravens, 275 F.3d 637, 641-42 (7th Cir. 2001); United States v. Askari, 159 F.3d 774, 779-80 (3d Cir. 1998). One other court of appeals has construed the guideline in much the same manner as did the district court, that is, as precluding a departure only if the facts and circumstances of the offense involved actual violence or a serious threat of violence and the sentencing court further and independently finds, on the basis of evidence other than that pertaining to the offense itself, that there is an ongoing need to protect the public. See United States v. Riggs, 370 F.3d 382, 385 (4th Cir. 2004). The district court here explicitly found that there was no such need so long as Gorsuch continues to take her medication. Although we tentatively favor the former interpretation, we need not definitively resolve the question at

-11-

this time because, in the post-<u>Booker</u> world, the sentencing guidelines are only advisory and the district court may justify a sentence below the guideline level based upon a broader appraisal. We therefore believe that the course of prudence is to vacate the sentence on count two and permit the district court to reconsider the matter under the <u>Booker</u> format.[2]

For the reasons set forth above, we <u>vacate</u> Gorsuch's sentences on both counts and <u>remand</u> with instructions that she be resentenced consistent with this opinion and with the standards set forth in <u>Booker</u> (without regard, however, to the statutory minimum on count two, application of which the government has forfeited).

The mandate shall issue forthwith without prejudice to any petition for rehearing or rehearing en banc filed in the usual course.

**<u>So ordered</u>**.

---

[2]To the extent there may be any question about the applicability of the <u>Booker</u> regime to the resentencing in this case, the parties may seek resolution in the district court in the first instance. <u>Cirilo-Muñoz</u> v. <u>United States</u>, ___ F.3d ___ (1st Cir. April 15, 2005) (slip op. at 14-15).