NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0603n.06

No. 10-5031

FILED

**Jun 12, 2012**

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| MARK TAYLOR, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |

BEFORE: MARTIN and McKEAGUE, Circuit Judges; and CALDWELL, District

Judge.*

Caldwell, District Judge. Mark Taylor appeals the district court's judgment of conviction

and sentence. At a bench trial, the district judge convicted Taylor of five counts of carjacking and

later sentenced him to forty years in prison. Taylor challenges the conviction based on the

sufficiency of the evidence at trial, but only as it relates to the judge's rejection of his affirmative

defense of insanity. He also challenges his sentence as both procedurally and substantively

unreasonable. For the following reasons, we **AFFIRM**.

I.

After he was indicted on five counts of carjacking, Taylor properly filed a notice of his intent

to rely on an insanity defense, waived his right to a jury trial and proceeded to trial before the district

court. The district judge found Taylor guilty of all charges and sentenced him to 480 months in

prison. Taylor contests the sufficiency of the evidence only as it relates to his affirmative defense

of insanity. He does not challenge the facts constituting the carjacking crimes.

"When a defendant challenges his or her conviction after a bench trial on the basis of insufficiency of the evidence," the court must review the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Caseer*, 399 F.3d 828, 840 (6th Cir. 2005) (quoting *United States v. Bashaw*, 982 F.2d 168, 171 (6th Cir. 1992)) (internal quotation marks omitted). "In the context of the insanity defense, a reviewing court should reject the verdict 'only if no reasonable trier of fact could have failed to find that the defendant's criminal insanity at the time of the offense was established by clear and convincing evidence.'" *United States v. Shelton*, 490 F.3d 74, 79 (1st Cir. 2007) (quoting *United States v. Barton*, 992 F.2d 66, 68-69 (5th Cir. 1993)). "In an insanity case, unlike a typical challenge to the sufficiency of the evidence, the defendant's burden is even greater" because at trial, it is the defendant who carries the burden of proving insanity by clear and convincing evidence. *United States v. Waagner*, 319 F.3d 962, 964 (7th Cir. 2003). A reviewing court "neither independently weighs the evidence, nor judges the credibility of witnesses who testified at trial." *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999).

The federal insanity statute states:

(a) Affirmative Defense. — It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

(b) Burden of Proof. — The defendant has the burden of proving the defense of

insanity by clear and convincing evidence.

18 U.S.C. § 17.

Taylor argues that no reasonable trier of fact could have failed to find that his insanity defense was established by clear and convincing evidence. Taylor cites the testimony of Dr. Joseph Angelillo, a clinical psychologist, who testified that Taylor suffered from post-traumatic stress disorder ("PTSD") and intermittent explosive disorder. Dr. Angelillo classified both disorders as mental diseases or defects. Dr. Angelillo testified that Taylor's diagnosis very likely could affect his ability to appreciate the wrongfulness of his conduct and classified the diagnosis as "severe." Taylor also notes that, at sentencing, the district court concluded that he lacked guidance as a youth and that he has mental and emotional problems. Taylor cites the evidence that supports his insanity defense but does not address the substantial evidence that refutes his insanity defense.

Dr. Rodolpho Buigas, a forensic psychologist, testified that Taylor was malingering and did not suffer from a mental disease or defect. Dr. Buigas disagreed with Dr. Angelillo's finding of PTSD and classified PTSD as an anxiety disorder, not a mental disease or defect. Dr. Buigas concluded that Taylor's diagnosis would not affect his ability to appreciate the wrongfulness of his actions. A reasonable trier of fact could find that Dr. Buigas's methodology and conclusions are more reliable than Dr. Angelillo's and conclude that Taylor did not suffer from a mental disease or defect. Additionally, a reasonable trier of fact could agree with Dr. Buigas's conclusion that Taylor's diagnosis did not affect his ability to appreciate the nature, quality or wrongfulness of his conduct.

In determining a defendant's sanity, the trier of fact may consider all relevant evidence, including lay testimony. *See United States v. Medved*, 905 F.2d 935, 941 (6th Cir. 1990). A

reasonable trier of fact could conclude that Taylor appreciated the wrongfulness of his conduct based on his written confessions and testimony at trial. For example, Taylor admitted that after he raped one of his victims, he forced her to shower and told her to wash away the evidence. He also admitted that he wiped down everything he touched in the room and stole the victim's pants and underwear because he was aware that he could get into trouble and wanted to destroy the evidence. Additionally, Taylor admitted to threatening the victim and telling her not to call the police because he knew the consequences of his actions and did not want to get caught. With respect to another victim, Taylor admitted to wiping down everything he touched in her apartment for the purpose of hiding evidence. He also admitted to choking another victim because he thought someone would hear her screams. Finally, Taylor said that after he was first arrested, he lied to Dallas police for hours to try and deceive them into thinking someone else carjacked and raped one of his victims.

At the sentencing hearing, the district court noted that Taylor has a history of mental and emotional problems. But the district court went on to conclude that at all times Taylor had the ability to reflect and understand what he was doing. There is ample evidence in the record to conclude that Taylor did not suffer from a mental disease or defect and was able to appreciate the wrongfulness of his conduct. Therefore, a reasonable trier of fact could find that Taylor's criminal insanity at the time of the offense was not established by clear and convincing evidence.

**II.**

Taylor challenges his sentence as procedurally unreasonable because he did not receive a two-level reduction for acceptance of responsibility. Additionally, Taylor challenges the substantive reasonableness of his sentence.

Regardless of whether the sentence is inside or outside the Guidelines range, a district court's sentencing determination is reviewed "'under a deferential abuse-of-discretion standard' for reasonableness." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). First, the reviewing court should ensure that the district court committed no procedural error. *Gall*, 552 U.S. at 51. If the sentence is procedurally sound, then the court considers the substantive reasonableness of the sentence. *Id.* A sentence within the Guidelines range is presumed reasonable. *United States v. Griffin*, 530 F.3d 433, 439 (6th Cir. 2008); *see also Gall*, 552 U.S. at 51.

**A.**

Procedural reasonableness requires a district court to properly calculate the Guidelines range, treat the Guidelines as advisory, consider the § 3553(a) factors and explain the chosen sentence, including any variance from the Guidelines range. *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008). When a defendant fails to raise an issue at his sentencing hearing, the issue is reviewed for plain error. *United States v. Johnson*, 403 F.3d 813, 815 (6th Cir. 2005). The review for plain error consists of four distinct, though interrelated, analyses: (1) whether an error occurred; (2) whether the error was plain; (3) whether the plain error affected substantial rights; and (4) whether the plain error seriously affected the fairness, integrity or public reputation of judicial proceedings. *United States v. Jones*, 108 F.3d 668, 670 (6th Cir. 1997) (en banc).

At sentencing, Taylor did not object to the district court's computation of the Sentencing Guidelines. On appeal, for the first time, Taylor argues that the Guidelines were improperly calculated because the district court did not award a two-level reduction for acceptance of

responsibility under U.S.S.G. § 3E1.1(a). A defendant's offense level may be reduced by two levels

if he "clearly demonstrates acceptance of responsibility for his offense." U.S. Sentencing Guidelines

Manual § 3E1.1(a) (2010). To receive this reduction, the defendant must truthfully admit the

"conduct compromising the offense(s) of conviction" and truthfully admit or not falsely deny

"additional relevant conduct for which the defendant is accountable under § 1B1.3." U.S.

Sentencing Guidelines Manual § 3E1.1 cmt n.1(A) (2010). The Guidelines Manual cautions that:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S. Sentencing Guidelines Manual § 3E1.1 cmt n.2 (2010).

Taylor argues that he clearly demonstrated an acceptance of responsibility for his offenses

because he confessed to police, admitted his involvement to the trier of fact, and expressed remorse

to the trier of fact. Even if Taylor is correct, a two-level reduction for acceptance of responsibility

would  not have an impact on his Guidelines range. Taylor is a career offender with a criminal

history category of VI. His offense level without the acceptance-of-responsibility reduction is 40,

which yields a Guidelines range of 360 months to life. With a two-level downward adjustment for

acceptance of responsibility, Taylor's offense level of 38 and criminal history category of VI would

still yield a Guidelines range of 360 months to life. Therefore, regardless of whether an error

occurred, there was no substantial right affected and the error could not have affected the fairness of the judicial proceedings. Additionally, despite Taylor's confession and testimony, the district court did not commit error because "based primarily upon pre-trial statements and conduct," Taylor never "clearly demonstrate[d] an acceptance of responsibility for his criminal conduct." U.S. Sentencing Guidelines Manual § 3E1.1 cmt n.2 (2010).

This is not one of the "rare situations" where Taylor clearly demonstrated an acceptance of responsibility for his criminal conduct while exercising his constitutional right to trial. Although an insanity defense "does not as a matter of law preclude a reduction for acceptance of responsibility," *United States v. Barris*, 46 F.3d 33, 35 (8th Cir. 1995), "generally, an insanity defense [does] preclude[] an acceptance-of-responsibility reduction." *United States v. Sam*, 467 F.3d 857, 863 (5th Cir. 2006); *accord United States v. Gorsuch*, 404 F.3d 543, 546 (1st Cir. 2005). By asserting an insanity defense, Taylor argued that he lacked the capacity to form the *mens rea* required for the crime, which is "an essential *factual* element of guilt . . . necessary for the imposition of criminal responsibility." *Gorsuch*, 404 F.3d at 546.

Looking primarily at Taylor's pre-trial statements and conduct, he did not "clearly demonstrate[] acceptance of responsibility for his offense." U.S. Sentencing Guidelines Manual § 3E1.1(a). Dr. Buigas concluded that Taylor was malingering and exaggerating his mental health issues to avoid criminal responsibility. Dr. Buigas testified that Taylor purposefully picked wrong answers on a series of tests and distorted his symptoms to avoid criminal responsibility. Additionally, Taylor's pre-trial statements to law enforcement were not entirely truthful. For example, Taylor denied threatening one of his victims and denied forcing another into her apartment.

At trial, Taylor even denied raping one victim. The medical evidence, the victim's testimony and Taylor's answers on cross-examination are strongly suggestive, if not conclusive, that Taylor raped this particular victim and, with regard to this victim, Taylor was convicted of carjacking resulting in serious bodily injury. After listening to the testimony of the victim and the nurse practitioner who examined the victim, Taylor continued to deny raping this victim and testified that he did not know how her injuries occurred.

A defendant must accept responsibility for all of his criminal conduct comprising the offense(s) of conviction to receive a reduction for acceptance of responsibility. U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.1(A); *see also United States v. Surratt*, 87 F.3d 814, 822 (6th Cir. 1996) (finding that expressing "some remorse" is insufficient to satisfy § 3E1.1(a)). Taylor did not accept responsibility for all of his criminal conduct. The district court committed no error when it calculated the Guidelines range without granting Taylor a two-level reduction for acceptance of responsibility.

**B.**

"A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

Taylor argues that his sentence is substantively unreasonable because the district court gave improper weight to the inappropriately calculated Guidelines, the need to protect the public from Mr. Taylor and his prior criminal history. Taylor admits that the district court did consider his past

mental health issues and reviewed all of the 18 U.S.C. § 3553(a) factors.  Taylor argues that his sentence is unreasonable because it is longer than necessary to meet the goals of 18 U.S.C. § 3553(a) and is "simply too long."

"[T]his Court applies a great deal of deference to a district court's determination that a particular sentence is appropriate." *United States v. Mayberry*, 540 F.3d 506, 519 (6th Cir. 2008). The district judge considered and made a detailed and comprehensive record of Taylor's mental health issues and all of the § 3553(a) factors.  The district judge did not place improper weight on the properly calculated Guidelines range or the need to protect the public from Taylor. The district judge carefully considered a range of possible sentences.  The ultimate Guidelines range sentence of 40 years is substantively reasonable.

III.

Accordingly, we **AFFIRM** the district court's judgment.