NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0108n.06

No. 24-5098

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 26, 2025
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TIMOTHY CARVER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

OPINION

Before: MOORE, KETHLEDGE, and BLOOMEKATZ, Circuit Judges.

KETHLEDGE, Circuit Judge. Timothy Carver appeals his convictions of offenses concerning child pornography, arguing that at trial he proved as a matter of law that he was legally insane. We reject his arguments and affirm.

In October 2020, Carver began to exchange text messages with an undercover FBI agent about child pornography. A month later, Carver sent the agent a video that showed a boy being orally and anally penetrated. Carver also asked the agent to send video of a sexual encounter the agent said he had planned with his (fictitious) stepson.

The following June, the FBI obtained a warrant and seized Carver's cell phones. Investigators found more than 1,700 images and 15 videos containing child pornography. The government indicted Carver for producing, possessing, and distributing child pornography. At trial, Carver stipulated that his conduct satisfied the elements of each charge, but he pled not guilty

by reason of insanity. The jury convicted him nonetheless. Carver then moved for acquittal notwithstanding the verdict, which the district court denied. This appeal followed.

Carver argues that the district court erred when it rejected his post-judgment motion for acquittal. Ordinarily, a defendant challenging the denial of a motion for acquittal must show that no rational trier of fact could have found each element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). For a defendant challenging the denial of a motion for acquittal based on an insanity defense, the burden is even higher. To establish insanity, a defendant must show, by clear and convincing evidence, that he suffered from "a severe mental disease or defect" that made him "unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17. Here, the jury found that Carver had not carried that burden. So we must uphold the verdict unless every rational trier of fact would have found that Carver had established insanity by clear and convincing evidence. *See United States v. Taylor*, 483 F. App'x 992, 994 (6th Cir. 2012).

Carver's defense rested on the testimony of a single expert witness, neuropsychologist Katie Spirko. Dr. Spirko testified that she had diagnosed Carver with a rare form of early-onset dementia, which she said would have diminished his sexual inhibitions and caused him to react to stimuli reflexively, without any reflection on the wrongfulness of the conduct. And after that sort of inappropriate behavior, Spirko testified, someone with this condition could still show remorse and try to conceal what they had done.

But Dr. Spirko's testimony was not so compelling that the jury was compelled to accept it, particularly in light of the record as a whole. For example, Spirko chose not to do any neuroimaging or genetic testing to test her opinion, which—according to the Diagnostic and Statistical Manual of Mental Disorders—was necessary to render that opinion "probable." DSM-

5, p. 615. And though Spirko testified that the form of dementia she had diagnosed Carver with would make him unable to control his sexual impulses, she conceded that he had not reacted inappropriately to any of the pornographic images shown at trial. Moreover, Carver's interactions with an FBI agent showed several instances in which Carver had postponed action in response to relevant stimuli, which the jury could have thought undermined Spirko's core point. The record also included a recorded phone call between Carver and his partner, in which Carver joked that his memory problems were "a good way of me getting out of" the trouble that he was in. The jury had reason enough to reject Spirko's testimony here.

The district court's judgment is affirmed.